## UNITED STATES v. CERTAIN LANDS IN THE TOWN OF HIGHLANDS, ORANGE COUNTY, N. Y., et al.

District Court, S. D. New York.
June 20, 1942.

March 19, 1940, and commissioners were appointed on May 9, 1941. The commissioners made their report which was filed on June 5, 1942. No motion has been made by any party to confirm that report. On January 29, 1942, an assignment purports to have been made by the owner of the property sought to be condemned and by the purchaser thereof, under a contract of sale, and by the holder of a mortgage upon the property to the Village of Highland Falls, of an interest in the award made or to be made herein, to pay taxes of $9,806.07 and interest now accrued, and also to pay taxes which may hereafter accrue, upon that portion of the condemned lands in the Village. This assignment was filed with the attorney for the Government in this proceeding, on June 8, 1942, and accompanying the same was a notice of appearance for the Village, signed by its attorneys.

The Government now moves to strike out both the assignment and notice of appearance, and it seems to me that the motion must be granted. The taking in this proceeding is accomplished when payment of the award is made, and until then, the Government may discontinue or abandon its effort. The award is no more than an offer subject to acceptance by the Government, and gives it the opportunity to determine whether the valuation fixed is within its resources or acceptable. In other words, condemnation is a means by which the Government may find out what any piece of property will cost. No title passes until the compensation is paid. Danforth v. United States, 308 U.S. 271, 284, 60 S.Ct. 231, 84 L.Ed. 240; Barnidge v. United States, 8 Cir., 101 F.2d 295, 298.

In the event the Government pays the award, it would not be interested in the question of proper distribution or apportionment. Its duty will have been performed when it pays the amount into court. City of St. Paul v. Certain Lands in City of St. Paul, 8 Cir., 48 F.2d 805.

In the light of these decisions, Section 203 of Title 31 U.S.C.A. provides that all transfers and assignments of any claim against the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, shall be absolutely null and void unless they are properly executed "after the allowance of such a claim, ascertainment of the amount due, and the issuing of a warrant

Harry T. Dolan, Sp. Asst. to the Atty. Gen. (Edward H. Murphy, Sp. Atty., Department of Justice, of New York City, of counsel), for petitioner-plaintiff.

Kopald & Haft, of Highland Falls, N. Y., for Village of Highland Falls.

BRIGHT, District Judge.

An interlocutory judgment of condemnation was entered in this proceeding on

for the payment thereof". This statute was passed for the protection of the Government and in order that it might not be embroiled in conflicting claims with delay and embarrassment and the chance of multiple liability. Martin v. National Surety Company, 300 U.S. 588, 594, 57 S.Ct. 531, 81 L.Ed. 822; Roomberg v. United States, D.C., 40 F.Supp. 621, 624.

There has been no allowance of any claim against the Government, no taking, and no payment, or issuance of a warrant for payment.

The motion is, therefore, granted, but without prejudice to any further lawful effort on the part of the Village to establish any claim it may have in the event that the award is paid. Settle order on notice.