**SPURGEON**

v.

**TENNESSEE VALLEY AUTHORITY.**

**Civ. No. 171.**

United States District Court, D. Tennessee, at Greeneville.

March 17, 1943.

---

Kennerly & Key, Knoxville, Tenn., for plaintiff.

William C. Fitts, Jr., Gen. Counsel, Tennessee Valley Authority, Charles J. McCarthy, Asst. Gen. Counsel and Robert H. Marquis, Knoxville, Tenn., H. James Hitching, Asst. Gen. Counsel, Chattanooga, Tenn., for defendant.

GEORGE C. TAYLOR, District Judge.

This action was instituted in the Circuit Court for Cocke County June 18, 1942, and removed to the District Court for the Northeastern Division of the Eastern District of Tennessee by order of removal dated July 10, 1942.

On August 17th the defendant moved to dismiss, and stated a number of grounds therefor, among which are that section 25 of the TVA Act, 16 U.S.C.A. § 831x, furnishes the exclusive method of ascertaining the value of land and interests therein taken by the TVA, and at least by implication forbids or negatives the idea of suits at law for damages arising out of the taking of property for the purposes contemplated in the Act; that the United States is a necessary party, and not before the court, even if it had expressly consented to be sued; and that no cause of action is stated.

On September 3, 1942, the plaintiff stipulated that when the damages have been ascertained and paid into court she will quitclaim to the United States the interest sought to be condemned, and she agrees that this stipulation may be made a part of the judgment.

The questions presented have been briefed and argued. No substantive right of the plaintiff is involved. The right of TVA to acquire the property involved is not questioned. Congress has provided a plan of procedure to ascertain just compensation due land owners for property taken by TVA. This is such a taking as, in my opinion, comes within the provisions of the Act. That the Authority delayed institution of the proceedings until the land owner instituted this suit for damages is unfortunate, but it creates no right which the owner did not have when the wrongful taking occurred, if the taking was wrongful. Redress in such instances is provided for by statute. The stipulation of the land owner does not alter the situation. The Authority has now employed the statutory procedure for ascertaining the compensation due the owner for all property taken, and this will, of course, include incidental damages. I think the law requires a dismissal of this action, and an order may be prepared for approval and entry.