### LIAS v. UNITED STATES.
Civil Action No. 1044.

District Court, W. D. Pennsylvania.

Dec. 17, 1943.

Harvey A. Miller and Dale T. Lias, both of Pittsburgh, Pa., for plaintiff.

James F. Boyer, of Monongahela, Pa., for the United States.

SCHOONMAKER, District Judge.

These proceedings arose out of the condemnation by the United States of land in Armstrong County, Pennsylvania, in connection with the Government's Mahoning Dam Reservoir project for flood control. The viewers appointed awarded her $200. She took an appeal from the award. An issue was framed to try her damage claim before a jury, with the result that on May 22, 1942, a verdict was awarded in her favor for $926.50, being $850 as the fair market value of the property taken, plus $76.50 as interest. On July 3, 1943, the United States paid into this court the amount of the award, $926.50, which sum was paid by the Clerk to Lias on November 12, 1943.

Lias has petitioned this court to direct the United States to pay interest on the verdict of $926.50 from May 22, 1942, to November 12, 1943, the date Lias received from the Clerk of this Court the amount the Government paid into court on July 3, 1943.

The plaintiff contends that under the laws of Pennsylvania, 1 Smith Laws, page 7, 12 P.S.Pa. § 782, this judgment bears interest from the time judgment was entered until it was paid to her. We are of the opinion this State rule does not apply to land-condemnation cases by the United States. This is made plain by the case of United States v. Miller, 317 U.S. 369, on page 379, 63 S.Ct. 276, on page 283, where the Mr. Justice Roberts says:

"We need not determine what is the local law, for the federal statutes upon which reliance is placed require only that, in condemnation proceedings, a federal court shall adopt the forms and methods of procedure afforded by the law of the State in which the court sits. They do not, and could not, affect questions of substantive right,—such as the measure of compensation,—grounded upon the Constitution of the United States."

It is our opinion Lias is entitled to no interest after the date the award in this case was paid into court, for the reason that, as we view the laws, payment of an award into court is the equivalent to payment of the award to plaintiff. See Shoemaker v. United States, 147 U.S. 282, 321, 13 S.Ct. 361, 37 L.Ed. 170; United States v. Dunnington, 146 U.S. 338, 353, 13 S.Ct. 79, 36

L.Ed. 996; United States v. 3.71 Acres of Land, etc., D.C., E.D.N.Y., 50 F.Supp. 628; Atlantic Coast Line R. Co. v. United States, 5 Cir., 132 F.2d 959, 962.

As $76.50 was allowed by the jury in this case for damages for delay in payment of this award to the landowner of $850, it is our opinion that Lias should receive interest on the award of $850 from May 22, 1942, to July 3, 1943, the date the United States paid into court the amount of the verdict of $926.50.

An order may be submitted in accordance with this opinion.