**UNITED STATES v. 125.71 ACRES OF LAND IN LOYALHANNA TP., WESTMORELAND COUNTY, PA., et al.**

**C. A. No. 471.**

District Court, W. D. Pennsylvania.

Feb. 4, 1944.

Harvey A. Miller and Miller & Nesbitt, all of Pittsburgh, Pa., for plaintiff.

Chas. F. Uhl, U. S. Atty., and James F. Boyer, Sp. Atty., both of Pittsburgh, Pa., for the United States.

194

SCHOONMAKER, District Judge.

This is a land-condemnation case. The United States filed its condemnation-petition August 10, 1939; and an order was made by this court on that date giving the United States immediate possession of the lands. Viewers were appointed and made an award to Miller for land taken by the United States. Miller appealed from the award.

An issue was framed to try the case before a jury in this court. The case was tried, with the result that the jury awarded Miller $24,420.83. The United States moved for a new trial. This court granted this motion, unless Miller would agree to reduce the verdict to $18,000. Miller refused to accept a reduced verdict. The case was tried again, and that trial resulted in a verdict in favor of Miller on November 19, 1942. This verdict is couched in the following language: "And now, to wit: November 19, 1942, we, the jurors empaneled in the above-entitled case, find plaintiff is entitled to damages in the amount of $12,000.00 which includes interest computed at the rate of 6% per annum for a term of 3 years."

Miller moved for a new trial which was denied by this court on February 13, 1943. Miller then appealed to the Circuit Court of Appeals of this Circuit, which court, on August 13, 1943, affirmed the judgment of this court. See Miller v. United States, 3 Cir., 137 F.2d 592.

On December 17, 1943, the United States deposited into the registry of this court the sum of $12,000, the amount of the verdict. And on December 31, 1943, a final judgment was entered herein, decreeing that the title to the property condemned become vested in the United States.

Whereupon, Miller filed the petition now under consideration, wherein he seeks to recover interest on the judgment of $12,-000, and his costs in this case. The United States is opposing this petition, contending it is not liable for interest and costs. And in addition, the United States calls to the attention of the court that there are unpaid taxes of the County of Westmoreland, Pennsylvania, which were levied prior to the time title to this land vested in the United States.

■ First, as to Miller's claim for interest on the damages allowed, the rule to be applied is thus stated by the Supreme Court in Seaboard Air Line Railway Co. v. United States, 261 U.S. 299, 306, 43 S.Ct. 354, 356, 67 L.Ed. 664:

"Where the United States condemns and takes possession of lands before ascertaining or paying compensation, the owner is not limited to the value of the property at the time of the taking; he is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking. Interest at a proper rate is a good measure by which to ascertain the amount so to be added. The legal rate of interest, as established by the South Carolina statute was applied in this case. This was a 'palpably fair and reasonable method of performing the indispensable condition to the exercise of the right of eminent domain, namely, of making "just compensation" for the land as it stands, at the time of taking.' United States v. Sargent, 8 Cir., 162 F. 81, 84, * * *.

"The addition of interest allowed by the District Court is necessary in order that the owner shall not suffer loss and shall have 'just compensation' to which he is entitled."

The date of taking in the instant case can be fixed on August 10, 1939, the date the Government was given immediate possession in this case. The verdict of the jury awarded Miller $12,000 which included three years' interest at 6% up to the date of the verdict on November 19, 1942.

Counsel for the United States contends that Miller should not be allowed to collect interest on this verdict of $12,000, because that would be giving him compound interest to which he would not be entitled.

■ It is true we cannot allow plaintiff compound interest. See Lias v. United States, 54 F.Supp. 192, this court; United States v. 20.08 Acres of Land in Harmar Township, D.C., 39 F.Supp. 421, 424; Cherokee Nation v. United States, 270 U.S. 476, 46 S.Ct. 428, 70 L.Ed. 694.

■ However, we see no difficulty in the instant case in separating the verdict of $12,000 into its component parts of principal and interest, and determining how much is principal and how much is interest. That is a mere matter of mathematical calculation from the award given by the jury. The total award is $12,000, which includes interest for three years at 6%. From such calculation we find that

$10,169.50 was the principal award and $1,830.50 was the interest award. We therefore conclude that Miller is entitled to recover interest on $10,169.50 from August 13, 1943, the date this judgment was affirmed by the Circuit Court of Appeals, Miller v. United States, 3 Cir., 137 F.2d 592, to December 17, 1943, the date the principal amount of the judgment was paid into the registry of this court.

Miller contends he should have interest from the date of the verdict. We cannot agree with that contention, because that would be giving him interest during the pendency of an unsuccessful appeal, to which he would not be entitled, for by the taking of the appeal, Miller put it out of the power of the Government to pay the amount of the verdict. And it should not, during that period, be charged for interest for delay in paying the judgment. See New York & Cuba Mail Steamship Co. v. The Express, 2 Cir., 59 F. 476.

Counsel for Miller also urges that under the provisions of Sec. 811, Tit. 28 U.S.C.A., he is entitled to interest on the judgment in this case. In our opinion, this statute does not apply to judgments against the United States, but only to the ordinary litigant in the Federal courts: See Reed v. Howbert, Collector, 10 Cir., 77 F.2d 227.

An order may therefore be submitted allowing Miller interest on $10,169.50 of the verdict from August 13, 1943, (the date of the affirmation of the judgment of this court by the Circuit Court of Appeals) to December 17, 1943, the date the United States paid into the registry of this court the amount of the verdict.

Second, as to plaintiff's bill of costs taxed at $279.75, we are of the opinion that the United States is not liable for costs in this case. By Rule 54(d) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it is provided that "costs against the United States * * * shall be imposed only to the extent permitted by law." This rule is in accord with the decisions of the courts. See United States v. North American Transportation & Trading Company, 253 U.S. 330, 336, 40 S.Ct. 518, 64 L.Ed. 935; United States v. Chemical Foundation, Inc., 272 U.S. 1, 20, 47 S.Ct. 1, 71 L.Ed. 131; Reconstruction Finance Corporation v. J. G. Menihan Corporation, 2 Cir., 111 F. 2d 940, 941.

We find no statute authorizing the taxing of costs against the United States in condemnation cases. The objection to the costs taxed against the United States in this case will be sustained. An order may be submitted accordingly.

Third, as to the taxes on the land condemned in this case. Taxes which are levied on property condemned by the United States prior to the vesting of title in the United States are liens which are entitled to payment from the fund deposited in the registry of the court in payment of the judgment for said lands. Although the condemnation proceedings in this case were instituted in 1939, the title to the land did not vest in the United States until the judgment of just compensation was paid into the registry of this court on December 17, 1943. This court by its decree of December 31, 1943, declared that the property designated in the condemnation proceeding became vested in the United States on the date of such payment, and that the title was free and clear of all liens and encumbrances. See United States v. Stubbs, D.C., 35 F.2d 357; United States v. Certain Lands in Town of Highlands, D.C., 46 F.Supp. 386, 387; Danforth v. United States, 308 U.S. 271, 284, 60 S.Ct. 231, 84 L.Ed. 240.

It appears in this case that the County of Westmoreland may have a claim against the fund in the registry of this court. We should not therefore order distribution of that fund until an opportunity is afforded the County of Westmoreland to assert any claim for taxes it may have against the fund in the registry of this court.

An order may therefore be entered in this case directing the Commissioners of Westmoreland County to present any claims they may have for the payment out of the funds in the registry of this court on or before February 21, 1944, or be debarred from making any claim against the funds now in the registry of this court.

Orders in accordance with this opinion may be submitted by the United States attorney on notice to opposing counsel.