UNITED STATES v. 232.68 ACRES OF LAND IN SHELBY COUNTY et al.

Civil Action No. 499.

District Court, W. D. Tennessee, W. D.

Nov. 24, 1944.

C. C. Gillespie, of Memphis, Tenn., for Villa Land Co.

Sylvanus W. Polk, of Memphis, Tenn., for City of Memphis.

Charles C. Crabtree, of Memphis, Tenn., for Shelby County.

BOYD, District Judge.

The United States filed its petition in condemnation on December 7, 1942, in accordance with the provisions of an Act of Congress approved August 18, 1890, 26 Stat. 316, as amended by the Acts of Congress approved July 2, 1917, 40 Stat. 241, April 11, 1918, 40 Stat. 518, 50 U.S.C.A. § 171, and March 27, 1942, Public Law 507, 77th Congress, 50 U.S.C.A.Appendix § 631 et seq., which Act authorizes the acquisition of land for military or other war purposes, and the Act of Congress approved July 2, 1942, Public Law 649, 77th Congress, 56 Stat. 611, which Act appropriated funds for such purposes.

On the same date a court order was entered requiring the property owners to surrender possession on or before December 18, 1942.

The question presented in this proceeding is whether tax liens against the properties of the petitioner Villa Land Company for the year 1943 are valid and enforceable.

All necessary facts to a decision on this question have been stipulated by the parties.

Declarations of taking were not filed at the institution of the suit because of the emergency which required immediate possession by the Government, and the lack of necessary information upon which to base them, nor was an amount, estimated as reasonable compensation, deposited with the Clerk of the Court. The original petition in condemnation sought a full fee simple title to 232.68 acres of land to be

used as an air supply depot, giving only a perimeter description of the entire area, which included numerous tracts belonging to the petitioner in this proceeding.

On August 23, 1943, and December 15, 1943, orders were entered by the Court dismissing from the original petition in condemnation all of these tracts except tract 60–C, which was included in a declaration of taking filed June 19, 1943, and on which the Court the same day signed a judgment vesting title in the Government. A sum estimated as reasonable compensation for tract 60–C was deposited with the Clerk of the Court and has since been disbursed, after proper deductions. At this time the Clerk is holding an amount sufficient to pay the taxes on this particular tract for the year 1943, pending a decision in this proceeding. At various dates during the year 1943, and subsequent to January 10th, all of the remaining tracts belonging to the petitioner, Villa Land Company, were conveyed to the Government by warranty deeds.

As to these remaining tracts, sufficient amounts of the agreed purchase price were withheld by the Government to cover taxes for the year 1943 pending a ruling by this Court on the question presented here. The monies so withheld were never paid into this Court, but on many of the tracts were paid by the Government to the various taxing authorities. In this situation, it is probably true with reference to all tracts except Tract 60–C the question here presented is moot, since this Court can make no valid order unless the money actually has been paid into court.

It is contended by the City of Memphis, County of Shelby and State of Tennessee that although the Government took possession of the property in December, 1942, the legal title did not pass until the Government acquired same by warranty deeds or by a declaration of taking, all of which were at a date subsequent to January 10, 1943.

Section 1351 Williams Tennessee Code Annotated, 1934, provides that all property shall be assessed to the person or persons owning or claiming to own the same on the 10th day of January of the year for which the assessment is made, if known.

Section 1329 of the Code provides that the assessed taxes on all real estate shall be and remain a first lien upon such property from the 10th day of January of each and every year, for the taxes of that year.

The status of taxes as liens on real property is to be determined by the laws of the particular state. United States v. Certain Parcels of Land in Philadelphia, Pa., et al., 3 Cir., 130 F.2d 782; Board of Commissioners of Creek County, Oklahoma, et al. v. Seber et al., 10 Cir., 130 F.2d 663; Muskogee County, Okla. et al. v. United States, 10 Cir., 133 F.2d 61; United States v. Alberts et al. and United States v. Hall et al., D.C., 55 F.Supp. 217; United States v. Certain Parcels of Land in City of San Diego et al., D.C., 44 F. Supp. 936; United States v. Certain Land in City of St. Louis, Mo., D.C., 29 F.Supp. 92.

The taxing authorities here are clearly entitled to insist on their liens on the properties involved in this proceeding. These liens, under the Tennessee law, attached on January 10, 1943, to secure payment of taxes for the entire year 1943, and it is clear that the obligation to pay same rests upon the holder of the legal title. The Supreme Court in United States v. State of Alabama, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327, announced this rule, and there are many other respectable authorities to the same effect. In fact, the law is well settled on the question. United States v. Certain Parcels of Land in Philadelphia, et al., supra; South Carolina Public Service Authority v. 11,754.8 Acres of Land, 4 Cir., 123 F.2d 738; United States v. 12,918.28 Acres of Land in Webster Parish, La., D.C., 51 F.Supp. 755; United States v. 125.71 Acres of Land in Loyalhanna Tp., Westmoreland County, Pa., D.C., 54 F.Supp. 193; United States v. Certain Parcels of Land in City of San Diego, et al., supra.

The Government cannot acquire an unencumbered title unless and until the tax lien is discharged. Cobo v. United States, 6 Cir., 94 F.2d 351.

Nor can there be an apportionment of taxes in a proceeding of this nature. This rule is stated in the case of United States v. Certain Parcels of Land in Philadelphia, supra [130 F.2d 783], as follows:

"The tax liability in such a case is a question of state law * * *. The correct test as to whether there can be apportionment, we think, is whether the tax was a lien on the property at the time title vested in the government. In this case, it is admitted that taxes for the entire year 1941 were assessed on January

1, 1941. They were, by express terms of the statute, liens on the property from that date forth. This rule would seem to settle the question of apportionment in the negative. * * * The only point that looks in the other direction is some authority to the effect that in Philadelphia 'in accordance with the custom, which by common consent, has acquired the force of law' taxes are pro-rated between the vendor and purchaser on a sale of land.

"This we think clearly a matter of adjusting the taxation burden between buyer and seller and not applicable where the property becomes exempt in the hands of the purchaser. Our conclusion upon this point is that the present facts do not constitute a case where apportionment is proper."

█ Valid liens having attached as of January 10, 1943, it follows the monies withheld by the Government on the various tracts involved in this proceeding to cover taxes for that year which have not already been paid to the taxing authorities, including that money paid into court under Declaration of Taking No. 6 covering tract 60–C, should be paid to the taxing authorities.

█ Property of the United States is not subject to taxation, Van Brocklin v. State of Tennessee, 117 U.S. 151, 6 S.Ct. 670, 29 L.Ed. 845; United States v. Alabama, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327. While the Government has made no formal appearance in these proceedings, and this Court can make no order against it, except in connection with funds retained in court on tract 60–C, it has had full possession and enjoyment of the property to the exclusion of the petitioning property owner since December 18, 1942, and though not legally liable for the taxes, in justice and equity a moral obligation rests upon the Government to pay the taxes for the year 1943 on all the tracts involved in this proceeding.

Under Title 40 U.S.C.A. § 258a, the Court has the power to make such orders respecting encumbrances, liens, rents, taxes, assessments, insurance and other charges as shall be just and equitable. Certainly it would not be just and equitable under the facts here presented to require the property owner to pay these assessments for the year 1943. While it held the legal title to the various tracts, for all intents and purposes the petition in condemnation was similar to a declaration of taking and had the same effect. Under it and pursuant to the Court's order, the petitioner was dispossessed and the Government put in full charge. Petitioner received nothing in the way of interest or rents from that date, neither did it have the benefits of any municipal services for the tax year. Indeed, it was excluded from the property after the taking on December 18, 1942. As stated, these properties were taken in an emergency. It was for the Government's benefit that it have immediate possession and control over them. There was nothing the landowner could do except recognize and abide the Court's order to vacate. Because of the Government's inability to acquire legal title promptly, the assessment date (January 10th) intervened and valid tax liens accrued against the property. Notwithstanding the assessments for the year 1943 were properly made against the legal title, the Government has received all the benefits, and it is suggested that it recognize its moral obligation to pay the assessments and discharge those tax liens now pending.