## UNITED STATES v. CERTAIN LANDS IN TOWNS OF WOODBURY AND HIGHLANDS et al.

District Court, S. D. New York.
June 13, 1945.

Harry T. Dolan, Sp. Asst. to Atty. Gen., of Brooklyn, N. Y., for petitioner-plaintiff.

White & Case, of New York City, for Forest of Dean Iron Ore Co.

James A. Beha, of New York City, for John J. Redner, et al.

BRIGHT, District Judge.

This application is by Benson R. Frost, special master, for an order fixing his allowance for services and directing payment thereof by the petitioner-plaintiff. Plaintiff opposes, contending that it was not a party to the order appointing the special master and that the allowance requested should be apportioned between the particular defendants involved in the dispute which the master was to determine.

These proceedings were commenced to condemn lands in the towns mentioned above, and an interlocutory judgment of condemnation was filed on April 10, 1940. One of the parcels condemned was a tract of about 156 acres under the waters of Popolopen Lake, together with the site of the dam, flowage rights over certain other lands, two islands in said lake, and the waters thereof, all purporting to be owned by the defendant Forest of Dean Iron Ore Company. After the interlocutory judgment, a declaration of taking of the property signed by the Secretary of War, was filed on June 24, 1940, and there was deposited with it in the registry of the court the sum of $27,500, the amount ascertained by the Secretary as just compensation for such property. Judgment upon that declaration was filed on July 3, 1940. A motion was thereafter made by the Forest of Dean Iron Ore Company for an order directing that the clerk of the court pay over to it the moneys so deposited, and that if there were objection thereto by reason of the claims of other parties, that the issues be determined by the court. Objection was made by counsel representing the defendants Florence Gibney and John J., Helen and Margaret Redner, and thereupon, it became necessary to determine the title to the parcels mentioned. An order was filed on May 20, 1941, referring the issues raised with respect to the title of lands within the boundaries of Popolopen Lake and to the lands adjacent thereto and bordering thereon, together with the issues of title respecting lands of any of the parties to the proceeding, to Mr. Frost, as special master, to hear and report to this court his findings of fact and conclusions of law, as fully as though said issues were tried before the court.

It is clear that plaintiff did not provoke a determination of that title, and its only interest in it is to learn to whom just compensation for the taking is to be paid. It would seem to be well settled that the expenses incident to a determination of such question of title cannot be taxed against the United States in the absence of some special statutory authority, of which there is none shown. United States v. Chemical Foundation, 272 U.S. 1, 20, 47 S.Ct. 1, 71 L.Ed. 131; Carlisle v. Cooper, 2 Cir., 64 F. 472-475; United States v. Certain Lands in Town of Hempstead, D.C., 43 F.Supp. 418-424; United States v. 254.-35 Acres of Land, D.C., 46 F.Supp. 913, 914; United States v. 125.71 Acres of Land, D.C., 54 F.Supp. 193, 195.

The allowance to the special master will be fixed at $2500 and shall be payable out of the moneys deposited in the registry of this court. Settle order on notice.