UNITED STATES of America upon the relation and for the Use of the TENNESSEE VALLEY AUTHORITY, Plaintiff,

v.

An EASEMENT AND RIGHT OF WAY 150 Feet Wide and 314.6 Feet Long OVER CERTAIN LAND IN SMITH COUNTY, TENNESSEE, Charles Starnes, et ux., Defendants.

Civ. A. No. 306.

United States District Court M. D. Tennessee, Northeastern Division.

Sept. 9, 1959.

Charles J. McCarthy, Gen. Counsel, Thomas A. Pedersen, Asst. Gen. Counsel, Tennessee Valley Authority, Knoxville, Tenn., for plaintiff.

McAllen Foutch, Smithville, Tenn., for defendants.

WILLIAM E. MILLER, Chief Judge.

This is a condemnation proceeding by the United States to acquire for the use of the Tennessee Valley Authority a right of way over defendants' land for the construction and maintenance of an electric power transmission line. The action was brought under authority of the Tennessee Valley Authority Act of 1933, 48 Stat. 58, as amended, 16 U.S.C. § 831 et seq., hereinafter referred to as the Act. Commissioners, appointed by the Court in accordance with the provisions of Section 831x of the Act, have conducted hearings on the question of just compensation and have made their award. Both parties have filed exceptions to the award of the commissioners.

The case is now before the Court on defendants' motion for an order directing the commissioners to file a transcript of the evidence and the exhibits and requiring the plaintiff to bear the expense thereof as a part of the costs of the cause; or, in the alternative, for leave to recall the witnesses introduced before the commissioners and present their oral testimony anew before this Court. The motion is contained in defendants' "Exceptions to Award of Commissioners", etc. The grounds for the motion are stated in paragraph VII of the exceptions in the following language:

"In filing the report in this case, and making the award of damages, the Commission failed to file with said report a transcript of the evidence, and the exhibits, as required by the rules of this Court, so that

a hearing, de novo, before this Court on the evidence presented before the Commission, could be had.

"This was error for the reason that this proceeding is had under Rule 71A of this Court, and the Commission was appointed to hear this proceeding by the Court, and the report, and the proceedings thereon, is governed by Rule 53 of this Court, and Rule 53 requires that the report be filed, together with the transcript of the record, and the exhibits. * * * "

Plaintiffs thus ground their motion upon the theory that Rules 71A and 53 of the Federal Rules of Civil Procedure govern this proceeding, and that under said rules the commissioners are required to file a transcript of the evidence.

Upon consideration, the Court is of the opinion that the motion is not well taken. In the case of United States ex rel. Tennessee Valley Authority v. Cochran, Civil Action No. 1872, this Court considered the applicability of Rules 71A and 53 of the Federal Rules of Civil Procedure and held, in an order entered November 4, 1955, that Rule 71A, when construed in its entirety, excepts commissioners appointed under the authority of the Tennessee Valley Authority Act, and that Rule 53 is not applicable. To the same effect will be the holding in this case.[1]

The Court is further of the opinion, and so holds, that the statutory law governing commissioners appointed in condemnation actions brought under the Tennessee Valley Authority Act and proceedings following the awards of such commissioners, is Section 831x of the Tennessee Valley Authority Act of 1933, 16 U.S.C.A. § 831x.

■ Counsel for defendants, in his brief and argument, further insists that, under 40 U.S.C.A. § 258, the proceedings in this case must conform to state practice and procedure, and that under the practice and procedure in the courts of Tennessee, the plaintiff is required to pay the cost of the transcript. This insistence, however, is without merit. The procedure in this case, as the Court has heretofore stated, is governed by Section 831x of the Act. Furthermore, Section 258 of Title 40 (the conformity act of August 1, 1888) has now been superseded by Rule 71A of the Federal Rules of Civil Procedure, and that rule, as the Court held in the case of United States ex rel. Tennessee Valley Authority v. Cochran, supra, is not applicable here.

■ The Act makes no provision for the cost of the transcript of the proceedings before the commissioners. In the absence of such a provision, the Court may not tax the cost of the transcript against the plaintiff, it being well settled that costs cannot be imposed against the United States in the absence of a statute specifically authorizing the imposition of such costs.[2]

The Court has been cited to no authority and itself has found none under which the plaintiff may be ordered to pay for the transcript of the proceedings before the commissioners. On the other hand, the District Court for the Eastern District of Tennessee has twice held that the

---

1. In view of the Court's holding that Rules 71A and 53 are not applicable in this case, it is unnecessary to consider whether, under said rules, the commissioners would be required to file the transcript.

2. Title 28 U.S.C.A. § 2412(a), provides: "The United States shall be liable for fees and costs only when such liability is expressly provided for by Act of Congress."
See also Carlisle v. Cooper. 2 Cir., 64 F. 472; United States v. Chem. Foundation, 272 U.S. 1, 20, 47 S.Ct. 1, 71 L.Ed. 131; United States v. Worley, 281 U.S. 339, 344, 50 S.Ct. 291, 74 L.Ed. 887; United States v. Southerly Portion of Bodie Island, D.C., 19 F.R.D. 313, 318; United States v. 40 Acres of Land, etc., 162 F.Supp. 939, 17 Alaska 618; United States v. 1000 Acres of Land, etc., 162 F.Supp. 219; United States v. Certain Lands, etc., D.C., 61 F.Supp. 383; United States v. 251.81 Acres of Land, etc., D. C., 50 F.Supp. 81; In Re, Hastings Lock & Dam, D.C., 2 F.Supp. 324.

transcript should be supplied by the appellant, or exceptor.

The issue was decided by a three-judge court in the Eastern District of Tennessee on August 26, 1951, in the case of United States ex rel. Tennessee Valley Authority v. Emma Wrinkle et al., Civil Action No. 145. In that case, defendants moved the court to hear the exceptions to the award on the same oral testimony that was introduced before the commissioners. The motion was denied. The defendants then moved for an order directing the commissioners to certify the transcript of the evidence. In denying this motion, the three-judge court said:

> "Furthermore, the statute under which this Court is operating in these cases (Title 16, U.S.C.A., ch 12a, sec. 831x) makes no provision for and does not require the commissioners to prepare and file a transcript of the evidence heard by them * * *.

> "Clearly in state proceedings and in proceedings in the federal courts, the obligation rests upon the appellant or the exceptor to bring before the reviewing court the transcript of the evidence to which the court's attention must be directed by the exceptions on assignments of error. This procedure is so uniform and universally accepted that no citation of authority is deemed necessary."

The issue was again raised in the Eastern District of Tennessee in the case of United States ex rel. Tennessee Valley Authority v. Graves, Civil Action No. 536. In that case, defendant excepted to the award but failed to procure a transcript of the proceedings had before the commissioners. The court overruled defendant's motion for leave to recall and introduce the witnesses heard by the commissioners, and dismissed with prejudice defendant's exceptions to the award because of his failure to supply the transcript.

█ Defendants' application for leave to recall the witnesses introduced before the commissioners and present their oral

testimony anew before this Court will also be denied, as there has been no showing of circumstances sufficient to justify the failure to supply the transcript of the proceedings had before the commissioners.

An order will be entered in accordance with this Memorandum overruling the motion.