UNITED STATES of America on the relation and for the Use of the TENNESSEE VALLEY AUTHORITY, Petitioner,

v.

Council J. PRESSNELL et al., Respondents.

Civ. A. No. 196.

United States District Court
E. D. Tennessee,
Northeastern Division.

Feb. 10, 1963.

Supplemental Opinion April 22, 1963.

Charles J. McCarthy, Gen. Counsel, Thomas A. Pedersen, Asst. Gen. Counsel, TVA, James H. Eldridge, Knoxville, Tenn., for petitioner.

J. Malcolm Shull, Elizabethton, Tenn., for respondents.

NEESE, District Judge.

This is an original condemnation proceeding. Costs were taxed against the plaintiff, and the relator Tennessee Valley Authority, the condemnor, has moved the Court to strike the cost-taxing provision from its final order.

No question is presented concerning the taxing of costs against the condemnee. This is an *ex parte* motion by which the condemnor seeks to be relieved of the minimal court costs involved. The Court will judicially notice that granting the motion would require the clerk's office to "absorb" that amount.

The sole argument of the relator is that the plaintiff is immune from taxation of any court costs under 28 U.S.C. § 2412(a) which provides: "The United States shall be liable for fees and costs only when such liability is expressly provided for by Act of Congress."

This action was instituted by the TVA in the name of the United States on its relation. The United States is the proper plaintiff in all proceedings under the federal power of eminent domain

where, as here, one of its agencies is the condemnor. Chappel v. United States (1896), 160 U.S. 499, 16 S.Ct. 397, 40 L.Ed. 510. Further, the Congress expressly directed the TVA to bring condemnation proceedings in the name of the sovereign. 16 U.S.C. § 831c(h). This nominal designation of the plaintiff does not, however, immunize the governmental corporation from the assessment of court costs if the Court so directs. Rule 54(d), Federal Rules of Civil Procedure; see Fishgold v. Sullivan Drydock & Repair Corp. (1946), 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230.

The relator TVA is a United States corporation authorized to sue and be sued. City of Tullahoma, Tennessee v. Coffee County, Tennessee, D.C.Tenn. (1962), 204 F.Supp. 794. It is managed by a board of directors. 16 U.S.C. § 831a. It has extensive powers, 16 U.S.C. § 831c, including the power in the name of the sovereign to exercise the right of eminent domain. 16 U.S.C. § 831c(h). It is authorized to issue, sell and refund a maximum outstanding of $750,000,000 in evidences of indebtedness to finance its electric power program. 16 U.S.C. § 831n—4. While it acts as a governmental agency in accomplishing the purposes of the Tennessee Valley Authority Act of 1933, 16 U.S.C. § 831c(h), many of its functions are akin to those of private enterprises. See: Ashwander v. Tennessee Valley Authority (1939), 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688, rehearing denied 297 U.S. 728, 56 S.Ct. 588, 80 L.Ed. 1011.

The mere fact that the TVA is a governmental agency does not extend to it the immunity of the United States from liability for costs; for, in conferring on the TVA the power to sue and be sued, and in failing simultaneously to endow it with the sovereign's immunity from liability for costs, the Congress has indicated an intention to subject the TVA to the liability of an unsuccessful litigant to costs and to the additional allowance made by courts of equity in accordance with equity practice. Reconstruction Finance Corp. v. J. G. Menihan Corp.

(1941), 312 U.S. 81, 61 S.Ct. 485, 85 L. Ed. 595. Immunity in the case of a corporation acting as a governmental agency from liability for costs is not presumed. Idem.

While the plaintiff is not an unsuccessful litigant here, condemnors customarily prevail in original condemnation proceedings, so the literal rule as to taxing costs for the prevailing party does not apply. Rule 71A(*l*), Federal Rules of Civil Procedure. This was made clear by the Advisory Committee on Rules which, while pointedly not undertaking to state what the rule on costs is, observed that " * * * the effect of subdivision (*l*) is that costs shall be awarded in accordance with the law that has developed in condemnation cases."

"Without exception, the decisions hold that in an original proceeding for the condemnation of land the costs arising in that proceeding fall on the condemnor. * * *" Grand River Dam Authority v. Jarvis, C.A.10th (1942), 124 F.2d 914, 916.

The unqualified authority the Congress has granted the TVA to sue and be sued places it on an equal footing with private parties as to the usual incidents of suits in relation to the payment of costs. Reconstruction Finance Corp. v. J. G. Menihan Corp., supra [312 U.S. 81, 61 S.Ct. 485], 85 L.Ed. 595, 598. The Supreme Court noted Menihan, supra, more recently with the observation that Menihan stands for the proposition that where a governmental corporation is endowed by the Congress with the capacity to sue and be sued, the corporation can be assessed with costs in connection with a suit brought by it. Small Business Administration v. McClellan (1960), 364 U. S. 446, 81 S.Ct. 191, 5 L.Ed.2d 200, 203. See also: James River Apartments v. Federal Housing Administration, D.C. Md. (1955), 136 F.Supp. 24.

Earlier, a three-judge district court had ordered the Tennessee Valley Authority to pay expenses of a condemnation proceedings incurred in the clerk's office and by the United States Marshal.

United States ex rel. Tennessee Valley Authority v. Southern States Power Company, D.C.N.C. (1940), 33 F.Supp. 519.

■ The relator urges United States ex rel. Tennessee Valley Authority v. Easement and Right of Way, etc. (Starnes), No. 306, D.C.Tenn., Middle District, 214 F.Supp. 29, as supporting its contention, but there the court dealt with the question of the plaintiff's paying the cost of providing appealing landowners with a transcript of proceedings had before commissioners appointed to evaluate condemnatory damages pursuant to 16 U.S.C. § 831x.

The law appears now to be settled that the Court has the power to direct a governmental corporation to pay court costs under Rule 54(d), Federal Rules of Civil Procedure. For this reason the motion of the relator Tennessee Valley Authority hereby is denied.

### SUPPLEMENTAL OPINION

The relator's counsel are so insistent that this Court is in error in adjudging costs against it in a land condemnation action that the Court has again reviewed this entire matter on the relator's motion for a reconsideration.

■ One of the arguments advanced by the relator is that the Court is not authorized to assess costs against it, because the United States is the only plaintiff in this proceeding and the United States enjoys sovereign immunity. The rule is too well settled to permit argument that in the absence of a statute directly authorizing it, courts will not give judgment against the United States for costs. United States v. Worley (1930), 281 U.S. 339, 344, 50 S.Ct. 291, 293, 74 L.Ed. 887, 891; United States v. Chemical Foundation (1926), 272 U.S. 1, 20, 47 S.Ct. 1, 71 L.Ed. 131, 145. But the United States " * * * does not become the conduit of its immunity in suits against its agents or instrumentalities merely because they do its work. * *" Keifer & Keifer v. Reconstruction Finance Corp. (1939), 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784, 788. And the " * * * fact that the governmental agency seeking the sovereign's immunity from costs * * * is plaintiff or defendant should not and logically cannot be the determining factor as to whether or not such immunity should be extended." Billings County v. Federal Deposit Insurance Corp., D.C.N.D. (1947), 71 F. Supp. 696, 703.

The rule of governmental immunity " * * * is based, not upon any antiquated theory of divine right of kings or governments, but upon the practical consideration that, since public moneys cannot be paid out except under an appropriation by Congress, the courts will not enter against the government a judgment for costs which would require the payment of moneys from the public treasury, unless they are expressly authorized by Congress to do so, which is the rule followed with respect to the entry of other judgments against the government. * * *" Walling v. Norfolk Southern Ry. Co., C.A.4th (1947), 162 F.2d 95, 96. A governmental corporation, such as the Tennessee Valley Authority, can pay costs which courts tax against it, however, out of corporate funds without seeking an appropriation by Congress. It can deal with any judgments for costs or other liability as one of the vicissitudes of business to be charged to profit and loss. Cf., idem, 162 F.2d at page 97.

As is well said in a leading text, "Absent some valid federal law to the contrary, a governmental corporation is not 'the United States' for purposes of suit; and being given the capacity to sue and be sued is placed 'upon an equal footing with private parties as to the usual incidents of suits in relation to the payment of costs' * * *." 6 Moore's Federal Practice (2nd Ed.), 1343, § 54.75. At another place, the rule is stated in this language: "Absent some valid immunizing federal law, costs * * * may be taxed against such a [governmental] corporation * * *." 3 Moore's Federal Practice (2d Ed.), 1404, § 17.23.

The statutes are silent in respect to granting the Tennessee Valley Authority immunity from payment of court costs.

The doctrine of immunity from liability for costs and other legal responsibilities is appropriately being confined by the Congress. Keifer & Keifer v. Reconstruction Finance Corp., supra. The definite trend of congressional legislation is for governmental corporations to be treated as any other litigant, the Congress having evinced a definite attitude against extending immunity from legal responsibility to such entities. This policy should be given "hospitable scope" by the courts. Idem.

The relator amplifies its argument by pointing to the fact that it is a mere relator and not a party to this action and suggests that its land condemnation cases might well be styled with the United States as the plaintiff without mentioning upon whose relation the suit is brought. This argument is counter to the Rules.

Rule 17(a), Federal Rules of Civil Procedure, provides that every action shall be prosecuted in the name of the real party in interest, but it further provides that: " * * * when a statute of the United States so provides, an action for the use and benefit of another shall be brought in the name of the United States." The Congress granted this governmental corporation the right to exercise the power of eminent domain in the name of the United States. 16 U.S.C. § 831c(h). It also granted TVA the power to acquire real estate for certain purposes by purchase or condemnation. 16 U.S.C. § 831c(i). In its wisdom the Congress restricted the corporation in the acquisition of land by condemnation with the proviso that when exercising the power of eminent domain granted to it, the Tennessee Valley Authority must take title to such land in the name of the United States. 16 U.S.C. § 831c(h).

The reason for this proviso is clear to the Court. The Congress might at some future time decide to delegate the duties of managing properties condemned by TVA to some other agency or corporation of the government. With title to these lands in the United States, there would be no problem involved in delegating agency for the operation of such lands to another governmental entity. In any event by force of decision of long standing, it was held that the United States should be the formal petitioner in a land condemnation proceeding. Chappell v. United States (1896), 160 U.S. 499, 16 S.Ct. 397, 40 L.Ed. 410. The fact that the United States is the formal plaintiff does not preclude the courts from determining the real party in interest. Rule 17(a), Federal Rules of Civil Procedure.

It is the finding and conclusion of the Court that in this land condemnation action, the real condemnor—the real party in interest—is the Tennessee Valley Authority, not the United States of America. Obviously, this Court does not agree with counsel for the corporation that TVA is in the same situation in this regard as are the Corps of Engineers of the Department of the Army, the Bureau of Reclamation, and other non-corporate governmental agencies of the federal government.

This conclusion seems to have the effect of overruling two previous decisions from this District. These cases were the subjects of very terse and concise memoranda opinions by the late District Judge George C. Taylor, which seem not to contemplate the landmark decision of the Supreme Court of the United States in Reconstruction Finance Corp. v. J. C. Menihan Corp. (1941), 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595, decided the same year and cited in this Court's original opinion.

The first of these cases contains only this pertinent language: "The respondents' motion to tax costs against the Tennessee Valley Authority, acting for the United States in the condemnation of lands, title to which is taken in the name of the United States, is denied, there being no waiver of sovereign immunity from liability for costs. Mere consent to be sued or authorization express or implied to litigate as to the value of lands creates no liability for costs. Waiver of sovereign immunity cannot arise through implication." United States of America,

ex rel. Tennessee Valley Authority v. Mitchell, D.C.Tenn. (1941), No. 3090 (unpublished). The second of these cases merely contains the statement that the Mitchell case seemed to be controlling on the question of liability of the Tennessee Valley Authority for costs. United States of America ex rel. Tennessee Valley Authority v. Kitts, D.C.Tenn. (1941), No. 3004 (unpublished). This Court must disagree with his distinguished and learned predecessor on the salient point, i. e., this Court views the key question to be whether a statute has extended immunity from such liability to TVA, while the late Judge Taylor sought a statute waiving such immunity as to TVA.

Attention of the Court is also directed to the fact that the case of United States ex rel. Tennessee Valley Authority v. Southern States Power Company, D.C. N.C. (1940), 33 F.Supp. 519, relied on in the original opinion herein, was reversed under the style of United States ex rel. Tennessee Valley Authority v. Powelson, C.A.4th (1941), 118 F.2d 79, reversed and remanded (1948) 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed. 1390. The Court overlooked the appellate consideration of that three-judge court's decision, but the question of taxing costs against TVA was not mentioned on appeal either by the Court of Appeals or the Supreme Court.

It is also argued for purposes of analogy that the United States is the proper party defendant where TVA has flooded or otherwise appropriated land without instituting condemnation proceedings. Malone v. Tennessee Valley Authority, D.C.Ky. (1949), 86 F.Supp. 961, 964; Spurgeon v. Tennessee Valley Authority, D.C.Tenn. (1943), 118 F.Supp. 272, 273. This is true, but not persuasive in the case at bar; because, as the late Judge Taylor observed in the latter opinion: " * * * Redress in such instances is provided for by statute. * * * " In other words, the Congress had determined that relief in such situations should be sought under the Tucker Act and not under the Tennessee Valley Authority Act of 1933.

The further point is made that, while TVA is authorized to own personal property in its own right, it cannot own real estate. United States v. General Electric Co., D.C.Pa. (1962), 209 F.Supp. 197, 206. This is a correct statement of the provisions in these regards in the Tennessee Valley Authority Act of 1933, but this is but another demonstration that the Congress can choose any mean and the Congress can choose any means and methods of operating a part of its business through a governmental corporation or agency with any plan or procedure it deems proper.

Finally, the relator points to the historical record that in the 30 years of its existence, in approximately 4,000 condemnation suits filed by TVA in the name of the United States in seven states, TVA has not once paid the court costs. The Court has no quarrel with the authenticity of that statement. However, after extensive research by both the Court and counsel for the relator, only three cases have come to the attention of this Court wherein the question of TVA's liability for court costs has been justiciably adjudicated. In one of those actions, United States ex rel. Tennessee Valley Authority v. Southern States Power Company, supra, a three-judge court published an opinion in accord with this Court's original memorandum. This Court is in earnest disagreement with the rationale of the brief memoranda emanating from this District in the other two. Logically, then, a situation of near first impression is presented.

Having discussed the literal inapplicability of taxing costs to the prevailing party under Rule 54(d), Federal Rules of Civil Procedure, in condemnation proceedings [Rule 71A(l), supra], during the course of its original opinion, the Court has decided against further prolongation of its supplemental expressions. Suffice it to say that this Court is satisfied that its original opinion is correct and orders that the relator's motion for a reconsideration be, and it hereby is, overruled.