269 F.2d 546
 106 U.S.App.D.C. 99
 Olga Forsberg DONNELLY, Appellant,
v.
DISTRICT OF COLUMBIA REDEVELOPMENT LAND AGENCY et al., Appellees.
Olga Forsberg DONNELLY, Petitioner,
v.
DISTRICT OF COLUMBIA REDEVELOPMENT LAND AGENCY and the
Honorable Matthew F. McGuire, Judge of the United
States District Court for the District
of Columbia, Respondents.
 Nos. 14820, 15028.
 United States Court of Appeals District of Columbia Circuit.
 Argued May 27, 1959.
Decided June 19, 1959, Petition for Rehearing Denied Sept. 11, 1959.
 
 Mr. Horace J. Donnelly, Jr., Washington, D.C., with whom Mr. Warren W. Grimes, Washington, D.C., was on the brief, for appellant in No. 14,820.
 Mr. S. Billingsley Hill, Attorney, Department of Justice, with whom Messrs. Oliver Gasch, U.S. Atty., Edward P. Troxell, Principal Asst. U.S. Atty., John F. Doyle, Asst. U.S. Atty., Roger P. Marquis, Attorney, Department of Justice, George F. Riseling, General Counsel, District of Columbia Redevelopment Land Agency, and James A. Brown, Deputy General Counsel, District of Columbia Redevelopment Land Agency, were on the brief, for appellees in No. 14,820.
 Messrs. Horace J. Donnelly, Jr., and Warren W. Grimes, Washington, D.C., were on the pleadings for petitioner in No. 15,028.
 Messrs. S. Billingsley Hill, and Roger P. Marquis, Attorneys, Department of Justice, were on the opposition for respondents in No. 15,028.
 Before WASHINGTON, BASTIAN, and BURGER, Circuit Judges.
 WASHINGTON, Circuit Judge.
 
 
 1
 The principal issue in these cases is whether plaintiff-appellant's properties may be acquired by condemnation by the appellee Redevelopment land Agency as a part of its 'Area C' program for Southwest Washington. It appears that the planners decided to develop the waterfront area along a portion of Maine Avenue, S.W., as well as the blighted areas near it. Appellant's properties, lying between the waterfront and the area of blight, were deemed necessary to the proper completion of the comprehensive plan. The authorities duly adopted the plan, and began to carry it out. Appellant sought injunctive and other relief in the District Court, but without success.[1] On appeal, appellant urges that her properties are commercial in character, containing modern and attractive business buildings, and are quite distinct from the nearby blighted areas. The taking, she says, is not authorized by the governing statute[2] and is forbidden by the Constitution. We think her contentions have been answered by the Supreme Court in Berman v. Parker, 1954,348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27, and that by reason of that decision we are bound to reject them. No doubt there are limits to what can be done in the name of 'redevelopment,' but those limits-- as set by the Berman case-- have not been exceeded here.[3]
 
 
 2
 Part of the relief sought by appellant, and denied by the District Court, was a declaratory judgment decreeing that the owner of commercial real property 'shall have a priority of right of relocation in the project area in preference to a lessee of real property.'[4] It appears that appellant's tenant, which operates a restaurant on part of the premises,[5] applied to the Agency for space in the area when redeveloped-- choosing a location some distance away from appellant's present property. The application was filed in the spring of 1958. It was the subject of a public hearing, at which appellant and her counsel were present in opposition. The proposal was in due course accepted by the Agency, though tentatively and subject to various conditions. Appellant then asked for the same site as her tenant had selected, stating that the latter 'would be afforded the first opportunity to continue the existing relationship.' The Agency replied that while the tenant's proposal had been accepted, this 'in no way alters the freedom and the opportunity of yourself and others to submit a specific proposal to the Land Agency for the development of any other available site in the Southwest Urban Renewal Area.'
 
 
 3
 It will thus be seen that the controversy is one which directly and vitally affects the tenant and its business future. Appellant not only wishes consideration from the Agency-- which has been accorded her-- but seeks to exclude the tenant from consideration and obtain the site tentatively allocated to it. Yet appellant did not name the tenant as a party defendant in her complaint. Justice and fairness required the tenant's presence in the case, if indeed it was not a necessary party. Under the circumstances, we think the District Court was well within its discretion in declining to issue the broad and sweeping declaratory judgment requested by appellant.[6]
 
 
 4
 For these reasons, we hold in No. 14,820 that the actions of the District Court, described in footnote 1, supra, were proper and should be affirmed. In No. 15,028, we must dismiss the Petition for Extraordinary Writ. We need not consider the remaining contentions of the parties.
 
 
 5
 So ordered.
 
 
 
 [1]
 In No. 14,820, plaintiff-appellant brought suit to restrain appellees from filing a condemnation complaint, and to obtain declaratory and other relief. The District Court granted summary judgment for appellees and dismissed the complaint. Appeal was taken to this court, and a stay was asked pending appeal. This we denied. The Government then filed a condemnation complaint and declaration of taking. Appellant's answer raised objections similar to those contained in her complaint in No. 14,820. The District Court, after hearings, granted summary judgment to appellees, and ruled that appellant should surrender possession. Appellant, after unsuccessfully moving for the entry of an order under Fed.R.Civ.P. 54(b), 28 U.S.C.A., filed in this court a Petition for Extraordinary Writ (No. 15,028), seeking reversal of the orders of the District Court in the condemnation suit
 
 
 [2]
 D.C.Code 5-701 to 5-719 (1951), as amended, D.C.Code 5-717, 5-717a (Supp. VI, 1958), as amended, Act of Aug. 28, 1958, Pub.L. No. 85-854, 72 Stat. 1102
 
 
 [3]
 We have not ignored plaintiff's charges that the present plan of redevelopment was adopted illegally and in bad faith. However, the allegations made-- viewed in the most sympathetic light-- are not of a nature which (if established) would vitiate the action taken
 
 
 [4]
 Appellant relies on the following provision of the governing statute:
 '(i) In the lease or sale of a project area or part thereof which is designated for commercial or industrial use under the project area redevelopment plan, the Agency shall establish a policy which in its judgment will provide, to business concerns which are displaced from a project area, a priority of opportunity to relocate in commercial or industrial facilities provided in connection with such development.' D.C.Code 5-706(i), as amended, Act of Code 5-706(i), as amended, Act of Aug. 28, 1958, Pub.L. No. 85-854, 72 Stat. 1103.
 
 
 [5]
 The lease has expired, but the tenant has been allowed to hold over
 
 
 [6]
 Compare Williams v. Virginia Military Institute, 1952, 91 U.S.App.D.C. 206, 208, 198 F.2d 980, 982, certiorari denied 1953, 345 U.S. 904, 73 S.Ct. 640, 97 L.Ed. 1341, where we said: 'these considerations, we think, are persuasive that if the trial court had considered the question of discretion, discretion should have been exercised unfavorably to the granting of the declaratory relief requested.'