Charles R. GODDARD et al., Appellants,

v.

DISTRICT OF COLUMBIA REDEVELOPMENT LAND AGENCY, a corporation, Appellee.

Charles R. GODDARD et al., Appellants,

v.

UNITED STATES of America, Appellee.

Nos. 15868, 15869.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 29, 1960.

Decided Jan. 12, 1961.

Petition for Rehearing Denied Feb. 10, 1961.

Mr. Daniel Partridge, III, Washington, D. C., with whom Mr. Franklin P. Gould, Washington, D. C., was on the brief, for appellants.

Mr. Robert S. Griswold, Jr., Attorney, Department of Justice, with whom Messrs. Oliver Gasch, U. S. Atty., Roger P. Marquis, Attorney, Department of Justice, and Mrs. Ellen Lee Park, Asst. U. S. Atty., were on the brief, for appellees.

Before Mr. Justice BURTON, retired,* and WASHINGTON and BASTIAN, Circuit Judges.

WASHINGTON, Circuit Judge.

Plaintiffs-appellants owned certain parcels of real estate in Project Area C in Southwest Washington, now being redeveloped by the District of Columbia Redevelopment Land Agency under statutory authority. See Donnelly v. D. C. Redevelopment Land Agency, 1959, 106 U.S.App.D.C. 99, 269 F.2d 546, certiorari denied, 1960, 361 U.S. 949, 80 S.Ct. 402, 4 L.Ed.2d 381; Riley v. D. C. Redevelopment Land Agency, 1957, 100 U.S.App. D.C. 360, 246 F.2d 641. It appears that as to some of these parcels the Government has reached a settlement with plaintiffs-appellants; as to another parcel compensation was awarded after a jury trial and the resulting judgment has been affirmed by this court, Parcel 5099, Being Lot 831 in Square 544 in District of Columbia v. D. C. Redevelopment Land Agency, 1960, 107 U.S.App.D.C. 95, 274 F.2d 753, and the remaining parcels are the subject of condemnation proceedings awaiting trial.

The appeals now before us are from orders of the District Court dismissing two suits for damages brought by plaintiffs-appellants, one against the Redevelopment Land Agency (No. 15868), and the other against the United States (No. 15869). The suit against the Agency charges that agents of that defendant represented to plaintiff Mills that the Agency's operations in the area would help Mills' laundromat business, and that relying on these representations he made extensive improvements to his property. The complaint further alleges that the Agency thereafter "negligently took proceedings which resulted in the increase of the blighting factors in the areas and the decrease of the business of Mills Laundromat." It also alleges that the Agency "unduly delayed the institution and prosecution of condemnation proceedings for the acquisition of the real properties described above," with a view to obtaining the properties at a lower price.[1] The

---

* Sitting by designation pursuant to Section 294(a), Title 28, U.S.Code.

1. To quote the complaint:
"9. * * * Defendant knew or should have known that those delays and procedures would result in the increase of those blighting factors and caused those delays and took those proceedings for the purpose of acquiring plaintiffs' real property and other real properties in the areas for a price less than the just compensation provided for in the Fifth Amendment of the Constitution of the United States.
"10. As a result of defendant's actions and failures to act the entire neighborhood in which plaintiffs' properties were located and the real property in that neighborhood deteriorated in appearance and value, owners were unable to sell property, were unable to keep tenants, and were unable to protect their property from vandals; and extensive vandalization occurred.
"11. As a result of defendant's actions and failures to act plaintiffs Charles R. Goddard and Janetta H. Goddard Love lost income from their properties and incurred other losses to those properties, all to their damage in the amount of Thirty-Seven Thousand Seven Hundred Twenty-One Dollars ($37,721.00).
"12. As a result of defendant's actions and failures to act the Mills Laundromat business was damaged and ruined and the owners were unable to meet the payments on the loans, or pay the rent and they lost their business, the property

complaint against the United States was filed some two months later, after the Government had moved to dismiss the suit against the Agency. It is couched in almost identical terms, and alleges that the employees of the Agency—if it be regarded as an agency of the Federal Government—were employees of the United States, acting within the scope of their office or employment.

■■■ We think the District Court correctly dismissed both suits. Plaintiffs-appellants are entitled to just compensation under the Fifth Amendment. If they do not receive such compensation in the condemnation proceedings, their remedy is by appeal therein. Assuming the truth of the allegations made in each complaint, these are suits against the United States to which it has not consented. Congress expressly excluded from the coverage of the Federal Tort Claims Act suits based on discretionary actions of Government employees, or arising out of misrepresentation or deceit by such employees.[2] Under the governing statute, the Agency may acquire property "in the name of the United States by condemnation under judicial process whenever in the opinion of such acquiring authority it is necessary or advantageous to do so." D.C.Code, § 16–619 (1951). This is a grant of discretionary authority as to the time of taking. See

United States v. Certain Parcels of Land, 3 Cir., 1954, 215 F.2d 140, 147. Alleged abuses of discretion, under the express terms of Section 2680, supra note 2, are not to be remedied by suits for damages. And the remaining charges are plainly within the category of misrepresentation or deceit. Cf. Federal Crop Ins. Corp. v. Merrill, 1947, 332 U.S. 380, 384, 68 S.Ct. 1, 92 L.Ed. 10. The suit against the United States is thus barred.

■■■ The suit against the Agency is in substance a suit against the United States, and is unconsented. The District of Columbia Redevelopment Land Agency, in spite of its name and its limited area of operation, is a Federal agency within the meaning of the governing statute, 28 U.S.C. § 2671, infra note 3. Redevelopment of the Nation's capital is "the policy of the United States," D.C. Code, § 5–701 (1951); the Agency receives direct appropriations from the Congress, D.C.Code, § 5–715 (1951); and it acquires land "for the use of the United States," D.C.Code, §§ 5–704(b), 16–619 and 16–644 (1951). See also Small Business Administration v. McClellan, 1960, 364 U.S. 446, 81 S.Ct. 191, 5 L.Ed. 2d 200. Suits based on torts allegedly committed by the Agency or by its employees acting in an official capacity are maintainable, if at all, under the provisions of the Tort Claims Act, and must

they owned and their interest in the property they leased, all to the damage of the plaintiff Joseph H. Mills and his assignors in the amount of Sixty-Five Thousand Dollars ($65,000.00)."

2. Pertinent portions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2680 (1958), are as follows:
"§ 1346. United States as defendant
  *      *      *      *      *
"(b) Subject to the provisions of chapter 171 of this title, the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private

person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
"§ 2680. Exceptions
"The provisions of this chapter and section 1346(b) of this title shall not apply to—
"(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.
  *      *      *      *      *
"(h) Any claim arising out of * * * misrepresentation, deceit, or interference with contract rights."

name the United States as defendant.[3] The suit against the Agency is barred by the terms of that Act, procedurally and substantively.

For these reasons the orders of the District Court will be affirmed. We need not reach the remaining contentions of the parties.

Affirmed.

---

3. The Tort Claims Act provides in pertinent part:

"§ 2671. Definitions

"As used in this chapter and sections 1346(b) and 2401(b) of this title, the term—

"'Federal agency' includes the executive departments and independent establishment of the United States, and corporations primarily acting as, instrumentalities or agencies of the United States but does not include any contractor with the United States."

"§ 2679. Exclusiveness of remedy

"The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346

(b) of this title, and the remedies provided by this title in such cases shall be exclusive."

Plaintiffs-appellants say their claims against the Agency were not "cognizable" under Section 1346(b), and hence their suit against it should not have been dismissed. We disagree. Their claims, though barred by the terms of Section 2680, *supra* note 2, were for money damages "for injury or loss of property * * * [allegedly] caused by the negligent or wrongful act or omission of any employee of the Government while [allegedly] acting within the scope of his office or employment" and hence were "cognizable" under Section 1346(b).

See, generally, S.Rep. No. 1400, 79th Cong., 2d Sess. 33–34 (1946).