**Harold S. CLOSE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21188.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 12, 1968.

Decided May 13, 1968.

Glenn A. Mitchell, Washington, D. C., for appellant.

Joel M. Finkelstein, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and DANAHER and McGOWAN, Circuit Judges.

PER CURIAM:

Appellant sued in the District Court to recover damages under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for permanent disablement caused by a fall in the District of Columbia Jail allegedly due to defective shoes. In February of 1964 appellant was convicted of a federal crime in the United States District Court for the District of Maryland. Sentenced to imprisonment for 15 years, appellant was, as provided by law, committed to the custody of the Attorney General, or his authorized representative, for the service of his sentence. The Attorney General then placed him in the District of Columbia Jail where the accident occurred in December of 1965. On July 26, 1966, he was transported to the Federal Penitentiary at Springfield, Missouri, where he presently is in the care of the United States Medical Center at that institution.

Appellee moved to dismiss the complaint upon the ground that the Federal Tort Claims Act waived the immunity of the United States from suit only in respect of negligent acts or omissions of its agencies or employees. An affidavit by an officer of the Federal Bureau of Prisons, submitted in support of the motion, asserted that the D.C. Jail is not

under the jurisdiction of the Federal Government but is, rather, an instrumentality of the D.C. Government. On these papers alone the District Court granted the motion.

Had appellant been placed immediately after sentence in a federal prison, the complaint would have stated a cause of action. United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). The question is, then, whether his temporary commitment to the D.C. Jail pending the outcome of his appeal relieved the United States of any responsibility for his allegedly neglectful treatment during his stay in that facility. More particularly the issue is whether, because Congress authorized the Attorney General to use the D.C. Jail for incarceration of federal prisoners in his custody, and the D.C. Jail to receive them, Congress is to be taken as having suspended for the time being the availability to appellant of the Federal Tort Claims Act.

We think not. It is not claimed that the D.C. Jail is a contractor of the Federal Government within the meaning of the contractor exception of the FTCA.[1] Since the Congress has clearly committed the custody and safekeeping of federal prisoners upon conviction to the Attorney General, then it must be true that in this instance the D.C. jailer was serving as the Attorney General's jailer; and it must also be true, or at least it does not appear to the contrary in the record before us, that, as to this federal prisoner, the Attorney General had some degree of power, commensurate with his continuing responsibility, to supervise the D.C. jailer in his handling of this particular prisoner. We note in this regard that, for purposes of the FTCA, Congress has defined "Employee of the [federal] government" as including "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671. The cases have, on occasion, regarded D.C. Governmental agencies as "federal agencies" for purposes of the FTCA, depending upon the amenability of such agencies to federal control.[2] We are not persuaded by anything appearing in this record that the Attorney General was, in a matter of this kind, wholly lacking in any capacity to assure the proper care of a prisoner for whose custody he was primarily and permanently responsible.

Reversed.

---

1. For purposes of the FTCA, 28 U.S.C. § 2671 provides as follows:

> "Federal Agency" includes the executive departments, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States.

2. Goddard v. District of Columbia Redevelopment Land Agency, 109 U.S.App.

D.C. 304, 287 F.2d 343, cert. denied, 366 U.S. 910, 81 S.Ct. 1085, 6 L.Ed.2d 235 (1961); and see also O'Toole v. United States, 206 F.2d 912 (3rd Cir. 1953). None of the existing cases relied upon by either appellant or the Government are closely related, but they leave untouched what may be surmised to be the considerable influence of the Attorney General over the way in which the D.C. Jail treats a federal prisoner placed there specifically for the convenience of the Attorney General.