Raymond **RUPPERT** et al.,
Plaintiffs,

v.

Walter E. **WASHINGTON** et al.,
Defendants.

Civ. A. No. 227–73.

United States District Court,
District of Columbia.

March 12, 1973.

See also, D.C., 366 F.Supp. 686.

Norman M. Glasgow, Whayne S. Quin, John F. McCabe, Jr., Washington, D. C., for plaintiffs.

John S. Salyer, Asst. Corp. Counsel, Nathan Dodell, Asst. U. S. Atty., Stephen Weissman, District of Columbia Redevelopment Land Agency, Washington, D. C., for defendants.

## MEMORANDUM

GESELL, District Judge.

This is an action by some property owners in the Mt. Vernon area of the central city against the D.C. Zoning Commission and the Redevelopment Land Agency (RLA) claiming that the Commission acted arbitrarily and illegally in down-zoning the area to the detriment of plaintiffs. The Court has jurisdiction. The Redevelopment Land Agency is a federal agency, Goddard v. DCRLA, 109 U.S.App.D.C. 304, 287 F. 2d 343 (1961), and the amount in controversy exceeds $50,000. A federal question under the Fifth Amendment is also raised.

Plaintiffs ask for a preliminary injunction, contending that the zoning change prevents rental and contemplated office development of their property. The matter was fully heard and argued on papers filed.

■ The Zoning Commission did not give any statement of its reasons when it entered the down-zoning order following notice and public hearings. Various agencies of the federal and state governments and the property owners had submitted information to the Commission favoring or opposing the proposed change. These proceedings, held under Part III of the Commission's Rules of Practice, were not a "contested case" within the meaning of the Administrative Procedure Act, but were adversary in nature and equity may be invoked. Citizens Assn. of Georgetown, Inc. v. Washington, 291 A.2d 699 (D.C.Ct.App. 1972).

Two threshold legal questions are raised on the motion for preliminary injunction. Plaintiffs rely on the recent *Georgetown Waterfront* case, The Citizens Assn. of Georgetown v. Zoning Commission, 477 F.2d 402 (D.C.Cir., February 6, 1973), and urge that the Commission's action is a nullity because the Commission was required to set out its reasons for the down-zoning, which it failed to do and because it acted without an environmental impact statement from the federal agencies urging the zoning change, in compliance with the National Environmental Policy Act of 1969 (NEPA). The Zoning Commission and RLA contend that the *Georgetown*

*Waterfront* case must be limited to its special facts and that the long-standing rule in this jurisdiction remains the same, *i. e.*, that when the Zoning Commission acts in a quasi-legislative manner, as it did here, no statement of reasons is necessary. Further they state that NEPA is not applicable since no federal action affecting the down-zoned area is involved and the zoning change was endorsed by the National Capital Planning Commission which presented favorable environmental considerations.

█ This down-zoning affects a substantial area of the city. Indeed, the very nature of down-zoning for a high-density area may have a particularly far-reaching effect, often adverse, on the utilization and purchase of many properties affected. While the exact scope and meaning of the so-called *Georgetown Waterfront* case is uncertain, the decision appears to require the Commission to file a statement of its reasons in a case such as this provided the Court is satisfied that judicial review will thereby be faciliated and the nature of the issues tendered suggests a clear necessity.*

█ The record before the Zoning Commission was extensive and the Commission heard contradictory contentions. Plaintiffs not only insist that the Commission acted arbitrarily on the matters before it but claim the Commission acted at the instance of RLA to hold down property values so that just compensation awards in subsequent takings will be smaller. Thus it appears that judicial review will be facilitated by a statement of the Commission's reasons. This

view is bolstered when consideration is given to the related NEPA aspect. Here, again, the *Georgetown Waterfront* case strongly suggests that the Commission should indicate the reasons it finds the specific potential environmental effects of down-zoning favorable when weighed against any countervailing environmental considerations indicated in the record. The Court has concluded under these circumstances that it should direct the Zoning Commission to state its reasons for the challenged down-zoning order, accompanied by a statement of the environmental factors it considers persuasive of the action taken.

█ As for the preliminary injunction request, the Court will deny the injunction. The issues are novel, the likelihood of success on the merits appears very slight and the public interest requires that courts not interfere with major city planning efforts that have had careful study and wide support before full hearing, unless an urgent necessity, which has not here been shown, has been affirmatively demonstrated.

The Court recognizes, however, that it is important to move situations such as this promptly to final determination. Accordingly, counsel are hereby notified that a hearing on the merits is set for 9:30 a. m., on Thursday, April 19, 1973, at which time any evidence and further documents may be presented. The parties shall also by this date submit final briefs on the remaining legal issues tendered.

The foregoing shall constitute the Court's findings of fact and conclusions of law.

---

* After suit was filed, plaintiffs requested the Commission to state its reasons in the form of a motion for reconsideration. Last December a stay was sought by another party not now before the Court. Defendants' suggestion that these maneuvers defeat jurisdiction is rejected since there is no likelihood of favorable action by the Commission.