**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| E. K. WADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:24-cv-01123 (UNA) |
| v. | ) | |
| | ) | |
| ADMINISTRATIVE OFFICE OF | ) | |
| THE U.S. COURTS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, has filed a civil complaint ("Compl."), ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants plaintiff's IFP application and, for the reasons explained below, it dismisses this matter.

Plaintiff, a resident of Citrus Heights, California, attempts to sue the Administrative Office of the U.S. Courts ("AO"), under the Federal Tort Claims Act ("FTCA"). *See* Compl. at 1–2, 5–7. At root, plaintiff is dissatisfied with the outcome of cases that he filed in the United States District Court for the Northern District of California—largely filed against his former employers, the Department of Labor, the Office of Federal Programs Contract Compliance, and federal officials—which ultimately resulted in a pre-filing injunction in that District. *See id.* at 3–5, 7; *see also Wade v. Gilliland, et al.*, No. C -0-00425 (WHA), ECF No. 168 (Order Denying Vexatious Litigant's Motion to Vacate Pre-Filing Order"), ECF No. 100 (Order Requiring Prefiling Review). Plaintiff disagrees with the determinations of multiple judges in the Northern District of California, as well as certain appellate judges and United States attorneys, to enforce that pre-filing injunction. *See* Compl. at 3–5, 7. After his lack of success in vacating the injunction in the Northern District of California, plaintiff then filed an administrative tort claim with the AO, alleging that the

aforementioned judges and attorneys have committed "fraud upon the court" by enforcing the pre-filing injunction against him. *See id.* at 4–5. On March 1, 2023, the AO denied plaintiff's claim, and plaintiff then sought reconsideration. *See id*. at 5. Plaintiff asserts that he has yet to receive a response from the AO regarding his request for reconsideration; therefore, he has now turned to this court to award him trillions of dollars in damages for the "judges' egregious and malice weaponization," arising from their decisions, "undertaken with malice," to enforce this pre-filing injunction. *See id.* at 5–7.

First, as here, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981). And a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint falls squarely into this category. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Second, the FTCA does not permit lawsuits against federal agencies; under the FTCA, the United States is the only proper party defendant. *See* 28 U.S.C. § 2679(a); *Goddard v. D.C. Redev. Land Agency*, 287 F.2d 343, 345–46 (D.C. Cir. 1961). Consequently, "the Administrative Office of the U.S. Courts 'remains immune from suit,' and the [c]ourt lacks jurisdiction to consider [plaintiff's] FTCA claims against it." *Liu v. Admin. Office of the U.S. Courts*, No. 21-494, 2022 WL 1184564, at *2 (D.D.C. Apr. 21, 2022) (quoting *Hamilton v. United States*, 502 F. Supp. 3d

266, 271 (D.D.C. 2020)); *McKathan v. United States Department of Homeland Security,* No. 22-cv-1865, 2024 WL 1344434, at \*3 (D.D.C. March 19, 2024) (same); *see also* 28 U.S.C. § 1915(e)(2)(B)(iii).

Moreover, the FTCA does not waive sovereign immunity for most intentional torts, including ". . . abuse of process . . . misrepresentation, deceit, or interference with contract rights," *see* 28 U.S.C. § 2680(h); *see Liu*, 2022 WL 1184564, at \*2 (finding that neither the AO nor the United States waived sovereign immunity for plaintiff's FTCA claims of misconduct against a District judge).

Third, assuming *arguendo* plaintiff could prosecute this case, the FTCA "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). In this court, "[u]nder the prevailing interpretation of section 1402(b), venue is proper in the District of Columbia if sufficient activities giving rise to plaintiff's cause of action took place here." *Franz v. United States*, 591 F. Supp. 374, 378 (D.D.C. 1984). These FTCA venue requirements have been interpreted in accordance with those of section 1391(b), "and the relevant terms of the two statutes are similar." *Id.* "Where section 1402(b) refers to the district '[where] the act or omission occurred,' section 1391(b) refers to 'the judicial district . . . in which the claim arose.' " *Id.* Here, plaintiff resides in California, and the events giving rise to plaintiff's claim for damages occurred in California.

Fourth, a federal court lacks subject matter jurisdiction to review the decisions of other federal courts or to exert jurisdiction over them. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) (finding it "axiomatic" that a federal court may review the actions of judges or officers of another federal court), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district

courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995). Although plaintiff has filed an action for damages, in doing so, he obliquely asks this court to enter a judgment that would undermine the determinations of the Northern District of California. In other words, plaintiff has attempted to circumvent his barring order in the Northern District of California by filing suit here, which he cannot do. *See* Fed. R. Civ. P. 12(h)(3).

Finally, judges are immune from suit for actions taken in the performance of their duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges are absolutely immune for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Further, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.*; *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

For all of these reasons, this case is dismissed. A separate order accompanies this memorandum opinion.

Date:  May 24, 2024

_____/s/_____
AMIT P. MEHTA
United States District Judge