◼   In the Matter of the General Assignment for the Benefit of Creditors of LONG ISLAND LACQUER CO. INC., Assignor, to NEW YORK CREDIT MEN'S ADJUSTMENT BUREAU, INC., Respondent. CITY OF NEW YORK, Appellant.— Appeals by the City of New York from an order dated February 20, 1956 granting a motion to settle the account of an assignee for the benefit of creditors, insofar as said order denies the allowance of appellant's claim for excise taxes in full, and from an order dated March 20, 1956 denying an application by appellant for leave to renew the motion on new or additional facts. Order dated February 20, 1956, insofar as appealed from, and order dated March 20, 1956 reversed, with $10 costs and disbursements, and matter remitted to the Special Term for further proceedings as indicated herein. In the imposition, enforcement and collection of its excise taxes, the City of New York acts in its sovereign capacity. (*Matter of Atlas Tel. Co.,* 273 N. Y. 51.) The limitation of time for filing claims as set forth in subdivision 7 of section 15 of the Debtor and Creditor Law does not expressly or by clear implication apply to the City of New York, and is not binding upon it when it acts in its sovereign capacity. (*People* v. *Herkimer,* 4 Cow. 345; *People* v. *Gilbert,* 18 Johns. 227; *Jewish Hosp. of Brooklyn* v. *"John Doe",* 252 App. Div. 581; cf. *Matter of Menist Co.,* 294 F. 532; *Villere* v. *United States,* 18 F. 2d 409; *Matter of Cuban-Atlantic Transp. Corp.,* 57 F. 2d 963.) The Special Term, therefore, had the power to allow appellant's tax claim. There is, however, no claim before us, nor does the record contain the proposed notice of claim which was rejected. Neither are there sufficient facts stated from which the amount of taxes due can be fixed. The matter is therefore remitted to the Special Term with direction to consider the claim upon the merits and to take such proceedings as may be necessary to the determination thereof. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.