SMALL BUSINESS ADMINISTRATION *v.*
McCLELLAN, TRUSTEE.

No. 42.   Argued November 9–10, 1960.—Decided December 5, 1960.

*Morton Hollander* argued the cause for petitioner. With him on the brief were *Solicitor General Rankin* and *Assistant Attorney General Doub.*

*John Q. Royce* argued the cause and filed a brief for respondent.

MR. JUSTICE BLACK delivered the opinion of the Court.

The Small Business Act of 1953 [1] created the Small Business Administration to "aid, counsel, assist, and protect insofar as is possible the interests of small-business concerns in order to preserve free competitive enterprise . . . and to maintain and strengthen the overall economy of the Nation." [2]   The Administration was given extraordinarily broad powers to accomplish these important objectives, including that of lending money to small businesses whenever they could not get necessary loans on reasonable terms from private lenders.[3]   When a part, but not all, of a necessary loan can be obtained from a bank or other private lender, the Administration is. empowered to join that private lender in making the loan.[4] The basic question this case presents is whether, when the Administration has joined a private bank in a loan and the borrower becomes a bankrupt, the Administration's interest in the unpaid balance of the loan is entitled to the priority provided for "debts due to the United States" in R. S. § 3466 and § 64 of the Bankruptcy Act,[5] even though the Administration has agreed to share any money collected on the loan with the private bank.

That question arises out of a joint bank-Administration loan of $20,000 to a small business, $5,000 of the loan having come from the funds of the bank and $15,000 from the Government Treasury.   Nine months later, an involuntary petition in bankruptcy was filed against the borrower

---

[1] 67 Stat. 232, as amended, 15 U. S. C. §§ 631–651.

[2] 67 Stat. 232.

[3] 67 Stat. 235–236.

[4] *Ibid.*

[5] R. S. § 3466, 31 U. S. C. § 191, establishes a general priority for debts due to the United States.   Section 64 of the Bankruptcy Act, as amended, 11 U. S. C. § 104, provides that in bankruptcy cases the priority so established should come fifth in the order of preferred creditors.

by other creditors. The Administration appeared in the proceedings upon that petition, filed a claim for $16,355.69, the amount then due on the loan, including interest, and asserted priority for its claim to the extent of $12,266.75, its 75 per cent interest in the debt. After a hearing, the referee in bankruptcy denied priority on the ground that the Administration is a "legal entity" and therefore not entitled to the "privileges and immunities of the United States." The District Court, on review, rejected the ground upon which the referee had relied but concluded that since the bankrupt's note evidencing the loan was not assigned by the bank to the Administration until after the commencement of bankruptcy proceedings, the debt is not entitled to priority.[6]   The Court of Appeals affirmed on a third ground—that the Administration, having contracted to pay the participating private bank one-fourth of any distribution received, could not assert its priority and thus permit a private party to benefit from a priority which, under R. S. § 3466 and the Bankruptcy Act, belongs to the Government alone.[7]   We granted certiorari to consider the Government's contention that the denial of priority to the Small Business Administration handicaps that agency in the effective performance of the duties imposed upon it by Congress.[8]

*First.* It is contended that the referee was correct in holding that the Small Business Administration is a separate legal entity and therefore not entitled to governmental priority in a bankruptcy proceeding. The contention rests upon a supposed analogy between this case and *Sloan Shipyards Corp.* v. *United States Fleet Corporation* [9] and *Reconstruction Finance Corp.* v. *Menihan*

---

[6] 168 F. Supp. 483.

[7] 272 F. 2d 143.

[8] 362 U. S. 947.

[9] 258 U. S. 549.

*Corp.,*[10] in which cases this Court refused to treat the corporate governmental agencies involved as the United States. Neither of those cases, however, is controlling here. The agency involved in *Sloan Shipyards,* the Fleet Corporation, was organized under the laws of the District of Columbia pursuant to authority of an Act of Congress which "contemplated a corporation in which private persons might be stockholders." [11] This fact alone is enough to distinguish the Fleet Corporation from the Small Business Administration, which, as was contemplated from the beginning, gets all of its money from the Government Treasury. Our decision in the *Reconstruction Finance Corp.* case is equally inapplicable for that case involved only the question of whether the Reconstruction Finance Corporation, having been endowed by Congress with the capacity to sue and be sued, could be assessed costs in connection with a suit it brought. The holding that such costs could be assessed would not support a holding that the Small Business Administration is not the United States for the purpose of bankruptcy priority.[12]

---

[10] 312 U. S. 81.

[11] 258 U. S., at 565.

[12] The proper scope of that holding was recognized by Congress itself when, several years later, the Reconstruction Finance Corporation Act was amended expressly to deny the Corporation a right of priority except with respect to debts arising out of its wartime activities. Act of May 25, 1948, 62 Stat. 261. That the assumption underlying this amendment was that the Corporation would otherwise have had priority for all debts due to it is clear from the discussion of the purpose of the amendment in the Senate. Senator Buck stated that purpose as follows: "The committee believes that RFC should not have such priority with respect to debts arising from its normal lending activities. A provision has been included in this section *which will eliminate that priority* except with respect to debts arising under the specific war powers which are designated therein." (Emphasis supplied.) Cong. Rec., 80th Cong., 2d Sess., Vol. 94, Part 3, p. 4108. See also *In re Temple,* 174 F. 2d 145.

Thus neither of these cases requires us to hold that the Small Business Administration, an agency created to lend the money of the United States, is not entitled to all the priority that must be accorded to the United States when the time comes to collect that money. Under like circumstances we refused to deny priority for debts due to the Farm Credit Administration in *United States* v. *Remund.*[13] As was said there of the Farm Credit Administration, the Small Business Administration is "an integral part of the governmental mechanism" [14] created to accomplish what Congress deemed to be of national importance. And it, like the Farm Credit Administration, is entitled to the priority of the United States in collecting loans made by it out of government funds.

*Second.* Respondent contends, as the District Court held, that the Small Business Administration's assertion of priority is precluded by our holding in *United States* v. *Marxen* [15] that priority attaches only to those debts owing to the United States on the date of the commencement of bankruptcy proceedings and not to debts that come into existence after that date. But this requirement of the *Marxen* case is fully met here by virtue of the fact that the debt due the Administration arises out of the loan made jointly by the bank and the United States nine months prior to the petition in bankruptcy. Since beneficial ownership of the three-fourths of the debt for which priority is asserted belonged to the Administration from the date of the loan, it is immaterial that formal assignment of the note evidencing the debt was not made by the bank until after the filing of the petition.

[13] 330 U. S. 539.

[14] *Id.*, at 542.

[15] 307 U. S. 200.

*Third.* The Court of Appeals held, and the contention is reiterated here, that the Administration forfeited any right it might otherwise have had to priority by agreeing to turn over to the bank one-fourth of any distribution obtained because of its priority. By this arrangement, it is urged, the Administration is attempting "to give priority to a claim which the United States is collecting for the benefit of a private party," contrary to the principles announced by this Court in *Nathanson* v. *Labor Board.*[16] But the *Nathanson* case involved a significantly different situation. There the National Labor Relations Board sought to obtain governmental priority for back-pay claims belonging to employees based upon their loss of pay as a result of allegedly discriminatory discharges by the bankrupt. This Court's denial of priority in that case, involving claims in which the United States had no financial interest, would not justify a denial here where the money was loaned by, and the debt sought to be collected is due to, the United States. The fact that the Administration has contracted to pay the participating private bank one-fourth of any money it later collects on its loan does not mean the Government must lose its priority. Respondent's argument to the contrary seems to rest upon the assumption that the Government is deprived of its priority by making a contract to pay a part of its funds to another creditor of the bankrupt who has no priority. This argument finds no support whatever in § 3466, in § 64 of the Bankruptcy Act, or in the Small Business Act. Section 3466 declares in unequivocal language that the United States is entitled to priority "[w]henever any person indebted to the United States is insolvent," and § 64 recognizes that priority in bankruptcy proceedings. The purpose of these sections is simply to protect the

---

[16] 344 U. S. 25, at 28.

interest of the Government in collecting money due to it.[17] Once that money is collected and placed in the Government Treasury, the end sought to be achieved by § 3466 and § 64 of the Bankruptcy Act is completely satisfied. At that point, there is no difference between the money so received and money received from any other source and, like other money, it may be disbursed in any way the Government sees fit, including the satisfaction of obligations already incurred, so long as the purpose is lawful. The Small Business Administration is authorized to enter into contracts calculated to induce private banks to make loans to small businesses.[18] The contract involved in this case, by providing additional security to the private bank at the Government's expense, is well adapted to that end. Indeed, in many cases such a contract may be the only way the Administration could induce private bank participation in a necessary loan. In those cases, acceptance of respondent's argument would make it more difficult for the Administration to perform its statutory duties. Clearly Congress did not intend, by the very act of imposing duties upon the Administration, to take away a privilege necessary to the effective performance of those duties.

Respondent's argument from the policy of equality of distribution for similar creditors expressed in the Bankruptcy Act [19] is no more convincing. It is true that the allowance of the priority asserted here will place the bank, a private unsecured creditor, in a better position than other private unsecured creditors. But this position is a result, not of any inequality of distribution on the part

---

[17] For a discussion of the history and purposes of R. S. § 3466, see *United States* v. *State Bank,* 6 Pet. 29, 35–37. Compare *Nathanson* v. *Labor Board, supra,* at 27–28.

[18] 67 Stat. 236.

[19] 11 U. S. C. § 1 *et seq.*

of the bankruptcy court, but of the bank's valid contract with the Small Business Administration.

*Fourth.* Respondent's last contention, urged throughout these proceedings, is that governmental priority is inconsistent with the basic purposes and provisions of the Small Business Act. The contention rests upon the fact that having a creditor with governmental priority tends to make it more difficult for a small businessman to borrow money from other persons, and, in this respect, handicaps rather than aids borrowers, thus conflicting with the Act's basic policy. In *United States* v. *Emory,* we rejected this same argument, with reference to priority for Federal Housing Administration debts, stating that "[o]nly the plainest inconsistency would warrant our finding an implied exception to . . . so clear a command as that of § 3466." [20] The same conclusion must be reached here.

It was error for the courts below to refuse the Government's claim for priority.

*Reversed and remanded.*

Mr. Justice Douglas dissents.

---

[20] 314 U. S. 423, 433. See also *United States* v. *Remund, supra,* at 544–545; *Illinois ex rel. Gordon* v. *United States,* 328 U. S. 8, 11–12.