**In the Matter of FRIED FURNITURE CORP., a/k/a Kingsley Furniture Co., Bankrupt.**

**No. 66 B 8.**

United States District Court
E. D. New York.

July 8, 1968.

Handelsman, Arutt & Knox, New York City, Samuel A. Arutt, New York City, of counsel, for trustee.

Joseph P. Hoey, U. S. Atty. for Eastern Dist. of New York, Brooklyn, N. Y., Patrick T. Philbin, Asst. U. S. Atty., of counsel, for Small Business Ass'n.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

The trustee in bankruptcy challenges the finding of the Referee that the Small Business Administration (S.B.A.) has a lien on the proceeds of the sales of the bankrupt's chattels. Failure of the S.B.A. to file a financing statement under the Uniform Commercial Code, it is contended, prevented the perfecting of its security interest in a loan made by the Royal National Bank (Bank). For the reasons stated below, the Court concludes that the Referee's decision should be affirmed.

The Bank had a 25% interest in a loan, the S.B.A. a 75% interest. The Bank handled all details of negotiations with the debtor and actually serviced the loan for a fee paid by the S.B.A. An S.B.A. check for its share was made payable to the Bank and credited by the Bank to the borrower's account.

A statement conceded to be sufficient under the Uniform Commercial Code was filed by the Bank. This statement indicated that the entire loan had been made by the Bank.

■ The S.B.A. is subject to local filing laws designed to protect general creditors. Bumb v. United States, 276 F.2d 729, 736 (9th Cir. 1960). But the local laws providing for filing of secured transactions—N. Y. Uniform Commercial Code §§ 9–301, 9–302—are intended to furnish actual protection to those who may wish to extend credit and who will want to know how and what chattels of the prospective debtor have been encumbered. "The purpose of the filing statute is to enable the public to know whether particular personal property is encumbered or not." Wolf v. Aero Factors Corp., 126 F.Supp. 872, 876 (S.D. N.Y.1954), aff'd, 221 F.2d 291 (2d Cir. 1955) (per curiam). Cf. Cherno v. Dutch American Mercantile Corp., 353 F.2d 147, 152 (2d Cir. 1965). The local law should not be unreasonably construed to penalize secured creditors when no prejudice can result to any unsecured creditor. A contrary "construction would enrich unsecured creditors at the expense of secured creditors, creating a windfall." Lewis v. Manufacturers Nat. Bank of Detroit, 364 U.S. 603, 608–609, 81 S.Ct. 347, 350, 5 L.Ed.2d 323 (1961). "Equality among creditors who have lawfully bargained for different treatment is not equity but its opposite." Chemical Bank New York Trust Company v. Kheel, 369 F.2d 845, 848 (2d Cir. 1966) (concurring opinion).

A rule of reason is particularly appropriate in bankruptcy proceedings "because of the subtleties involved in the concepts of perfection and priority, and the interplay of these concepts with oth-er principles of state and federal law." Kripke, Commentary on N.Y. Uniform Commercial Code § 9–301, 62½ McKinney's Consol.L. of N.Y. 428 (1964).

■ Federal policy favors arrangements such as the one before us between local banks and the S.B.A. 15 U.S.C. § 636(a) (2); Small Business Administration v. McClellan, 364 U.S. 446, 447, 452, 81 S.Ct. 191, 5 L.Ed.2d 200 (1960). Thus, the Small Business Administration is directed to make "loans * * * in cooperation with banks * * * and no loan may be made unless it is shown that participation is not available." 15 U.S.C. § 636(a) (2). As the Supreme Court indicated in another context:

> "The Small Business Administration is authorized to enter into contracts calculated to induce private banks to make loans to small businesses. The contract involved in this case, by providing additional security to the private bank at the Government's expense, is well adapted to that end." Small Business Administration v. McClellan, 364 U.S. 446, 452, 81 S.Ct. 191, 196, 5 L.Ed.2d 200 (1960).

■ Pressed on argument, petitioner could show no way in which a creditor would be prejudiced by the form of the Bank's filing. Where a number of persons furnish funds to participate in a loan made by one of them—a not uncommon situation—there is no point in requiring each to file a separate piece of paper to clutter up recording files. Whether or not the Bank was sharing the risk with others made no difference to the creditors.

The contention that the Bank would be able to mislead inquiring creditors by revealing only the amount of money it itself had risked as being due on the loan has no basis in fact or law. Should the Bank mislead a creditor with respect to the amount of the debt due, it might well become liable both to the creditor and to the S.B.A.

The federal policy under which the S.B.A. operates obviously favors using local banks to handle the details of finan-

cial transactions of this kind. There is a clear advantage in avoiding the necessity of a horde of federal officials in each state to handle details duplicated by the Bank. There is no reason why the S.B.A. should not rely upon local lawyers and banks rather than retain government personnel to become expert in the detailed law and customs of each of the fifty states.

The trustee's motion to expunge and vacate the lien of the S.B.A. is in all respects denied. The decision of the Referee is in all respects affirmed.

So ordered.