The CITY OF SHERMAN and Sherman Independent School District, Appellants,

v.

UNITED STATES of America, Appellee.

No. 24675.

United States Court of Appeals Fifth Circuit.

Aug. 26, 1968.

————◆————

Joe P. Cox, Jr., Sherman, Tex., for appellants.

Richard B. Hardee, First Asst. U. S. Atty., Wm. Wayne Justice, U. S. Atty., Tyler, Tex., for appellee.

Before JOHN R. BROWN, Chief Judge, and BELL and THORNBERRY, Circuit Judges.

THORNBERRY, Circuit Judge:

This appeal presents the question of lien priority between delinquent ad valorem taxes on personal property assessed by a city and school district and a chattel mortgage on the same personalty assigned to the Small Business Administration. Robert E. Brown, d/b/a Bob Brown Drive-In Supply, failed to pay ad valorem taxes validly assessed by the City of Sherman, Texas and the Sherman Independent School District on his personal property for the years 1957–63. The sum delinquent, with penalties and interest, is $2,309.74.

On April 12, 1961, Brown executed a chattel mortgage in favor of the Grayson County State Bank and this mortgage was filed on April 19, 1961. On May 4, 1961, a supplemental mortgage was executed and filed in favor of the Grayson County State Bank, and on May 11, 1961, a correction chattel mortgage was issued and filed. These mortgages were executed to secure a loan of $16,000 and covered the rental inventory of Bob Brown Drive-In Supply. In December, 1964, the bank assigned the note and the chattel mortgages to the Small Business Administration.

On October 5, 1961, Brown purchased additional rental inventory from United Rent-Alls, Inc. under a conditional sales contract. This conditional sales contract was assigned to the Texoma National Bank on July 22, 1964. Brown subsequently got into serious financial difficulties and assigned his accounts receivable to Jack Kennedy on September 19, 1963, for collection for the benefit of creditors. Also on September 19, 1963, the Tax Assessor for the City of Sherman "levied" on all of the personal property of Bob Brown Drive-In Supply by telling Brown that his property was being "levied" on.

On September 24, 1962, Clifford Bachman purchased the Bob Brown Drive-In Supply, and to secure monies advanced to him by the Texoma National Bank for use in purchasing the business, Bachman executed a chattel mortgage in favor of the Texoma National Bank covering all personal property added to his rental inventory after September 24, 1963. The total amount of the indebtedness of the Texoma National Bank which was secured by the conditional sales contract to which Bachman was a party, and the chattel mortgage executed by Bachman was $970.

On April 21, 1965, the City of Sherman in its own behalf and in behalf of the Sherman Independent School Dis-

trict instituted an action in the district court of Grayson County, Texas to recover its delinquent ad valorem taxes and to foreclose tax liens on the personal property of Bob Brown Drive-In Supply. By agreement of all parties on May 27, 1965, the personal property of Bob Brown Drive-In Supply, including that covered by the SBA's chattel mortgages, was sold by an auctioneer and the proceeds in the amount of $3,170.06 were deposited in the registry of the court.

In April, 1966 the United States intervened as a defendant in order to establish the priority of the SBA's lien on the rental inventory and removed the case to federal court. A default judgment was taken against Clifford Bachman. Since some of the personal property of Bob Brown Drive-In Supply was property upon which the Texoma National Bank had a lien and on which the United States did not have a lien, the parties settled as to this property in favor of the Texoma National Bank for $600 and in favor of the Sherman Independent School District for $90.26. The court, sitting without a jury, found as to the remainder of the sum that the United States was entitled to priority over the delinquent ad valorem taxes of the City of Sherman and the Sherman Independent School District on the basis of 31 U.S.C. § 191.[1] We vacate and remand.

■ The purpose of the general federal priority statute, 31 U.S.C. § 191, is to protect the public interest in collecting revenue owing to it by an insolvent person. Small Business Administration v. McClellan, 1960, 364 U.S. 446, 81 S.Ct. 191, 5 L.Ed.2d 200. In order for this priority statute to apply, the debtor must be insolvent by one of the acts specified in the statute: an act of bankruptcy, a voluntary assignment of the debtor's property, or an attachment of the property of an absconding, concealed, or absent debtor. See W. T. Jones & Co. v. Foodco Realty, Inc., 4th Cir. 1963, 318 F.2d 881.

In Bramwell v. United States Fidelity & Guaranty Co., 1926, 269 U.S. 483, 46 S.Ct. 176, 70 L.Ed. 368, the Supreme Court held that a bank whose assets were less than its liabilities made a "voluntary assignment" within 31 U.S.C. § 191 when it surrendered its assets to the state superintendent of banks for liquidation pursuant to a resolution by the bank's board of directors. *Bramwell* also held that 31 U.S.C. § 191 should be liberally construed since it was enacted for the public good. In the instant case Brown voluntarily assigned his accounts receivable for the benefit of his creditors, and in this assignment declared himself to be insolvent. Moreover, the consent to sale of the assets of Bob Brown Drive-In Supply should come within a liberal construction of a "voluntary assignment" for the payment of debts. See Bliss v. United States, 8th Cir. 1930, 44 F.2d 909.

■ Furthermore, the tax liens asserted by the City of Sherman and the Sherman Independent School District are general liens and not the specific liens which might supersede the priority statute. State tax liens, even though specific and perfected under state law, cannot be specific and perfected under federal law so as to take precedence over the federal government's statutory priority where the state has neither taken title to the debtor's property nor reduced it to possession. United States v. Waddill, Holland & Flinn, Inc., 1945, 323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294; United States v. Haddix & Sons, E.D.

---

1. 31 U.S.C. § 191.

 Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed.

Mich.1966, 252 F.Supp. 634. Therefore, we find that 31 U.S.C. § 191 gives the United States a priority unless this statute has been superseded by 15 U.S.C. § 646.[2]

■ Section 646 of the Small Business Administration Act provides that any interest held by the SBA in property as security for a loan is subordinate to any lien on that property for state or local taxes if the tax lien is superior by applicable state law. The purpose of Congress in enacting this section was to place the SBA's security claims against property in the several states upon the same level as those held by private parties in these states. See S. Rep. No. 1714, 85th Cong., 2d Sess. (1958).

■ Section 646 clearly applies to the instant case. The SBA holds a chattel mortgage on the rental inventory of Bob Brown Drive-In Supply to secure a loan of $16,000. Moreover, the City of Sherman and the Sherman Independent School District assert that their claims are liens for delinquent ad valorem taxes on all of the personal property of Bob Brown Drive-In Supply, including the rental inventory. Since 15 U.S.C. § 646 is a later and more specific statute than the general federal priority statute, we hold that it is the controlling federal statute in determining lien priority as between the SBA's mortgage lien and the City of Sherman and the Sherman Independent School District's lien for delinquent ad valorem taxes.

Our holding that 15 U.S.C. § 646 supersedes the general federal priority statute where it is applicable is supported by the other federal courts that have considered the question. United States v. Clover Spinning Mills Co., 4th Cir. 1966, 373 F.2d 274; United States v. Christensen, D.Mont.1963, 218 F.Supp.

722. Appellee argues that 31 U.S.C. § 191 should still control on the basis of two circuit court cases, but both are distinguishable from the instant case. In W. T. Jones & Co. v. Foodco Realty, Inc., 4th Cir. 1963, 318 F.2d 881, a SBA loan secured by a deed of trust was involved, but the opposing party had a mechanics lien. The requirement of section 646 that the state or local lien be on property for taxes due on that property was thus not met. In a footnote, the court spelled out the critical distinction:

> Neither party to this appeal takes exception to the District Court's order "that the real estate taxes assessed against the subject property have priority over all other liens against the property." The SBA's interest is specifically subordinated to the State's lien for property taxes by 15 U.S.C.A. § 646.

318 F.2d at 884, fn. 8. In re Lehigh Valley Mills, Inc., 3d Cir. 1965, 341 F.2d 398, is distinguishable for the same reason. In that case the court observed that the state's corporate loan taxes (the taxes giving rise to the state's lien) were not taxes on the debtor corporation's property and would have been assessed even if the corporation had not owned any property.

■ Since 15 U.S.C. § 646 is the applicable and controlling statute, the remaining question is whether the City of Sherman and the Sherman Independent School District have a lien for delinquent ad valorem taxes on personalty that is superior to the chattel mortgage lien of the SBA by Texas law. Since the primary question argued in the district court concerned the applicability of the general federal priority statute, we vacate and remand for further develop-

---

2. 15 U.S.C. § 646:
 Any interest held by the Administration in property, as security for a loan, shall be subordinate to any lien on such property for taxes due on the property to a State, or political subdivision thereof, in any case where such lien would, under applicable State law, be superior to such interest if such interest were held by any party other than the United States.

ment of the factual record and further argument on the applicable state law.[3]

On remand the district court should consider the possible applicability of the statute of limitations as a bar to the collection of delinquent taxes. Vernon's Ann.Tex.Rev.Civ.Stat. art. 7298 (1960) provides that no suit shall be brought for the collection of delinquent personal property taxes unless the suit is instituted within four years from the time that the taxes become delinquent. To the extent that recovery for delinquent ad valorem taxes on personalty is barred by limitations, there will be no prior lien for these taxes by state law, and the SBA's lien would prevail.

The district court should also consider the applicability and scope of Tex.Rev.Civ.Stat.Ann. art. 7269 (1960) as it concerns delinquent ad valorem taxes on personal property. This statute provides that a delinquent tax lien is a first lien on the taxed property where the taxpayer makes an assignment of his property for the payment of his debts, where his property is levied upon by creditors, by writs of attachments or otherwise, or where the estate of a decedent is or becomes insolvent.

Finally, the record should reflect the inventory of the personal property of Bob Brown Drive-In Supply that was sold by the auctioneer pursuant to the consent to sale executed by the parties. Since all of the personal property was assessed for ad valorem taxes, the City of Sherman and the Sherman Independent School District would have a possible lien on all of the property. The federal government, however, only has a chattel mortgage on the rental inventory that existed when the mortgage was executed, and thus can have no claim to a greater amount of proceeds than was generated by the sale of this rental inventory.

The judgment of the court below is vacated and the case remanded for further proceedings not inconsistent with this opinion.

---

3. We sympathize, however, with the district judge who commented during the

trial: "This is the most jumbled up mess I've gotten into so far." (R. 107).