## In the Matter of TAMPA WHOLESALE ELECTRIC, INC.

### COLUMBIA BANK OF YBOR CITY, Appellant,

v.

### Stanley FONTE, Trustee in Bankruptcy, Appellee.

### No. 26453.

United States Court of Appeals
Fifth Circuit.

March 28, 1969.

Arnold D. Levine, Levine & Freedman, Tampa, Fla., for appellant.

Samuel Hyman, Tampa, Fla., for appellee.

Before PHILLIPS*, BELL and MORGAN, Circuit Judges.

---

* Of the Tenth Circuit sitting by designation.

LEWIS R. MORGAN, Circuit Judge:

The appellant herein contends that the order of the District Court for the Middle District of Florida affirming the determination of the Referee in Bankruptcy disallowing appellant's assertion of priority of claims in the above-styled case is in error and should be set aside.

The facts are essentially as follows:

Subsequent to the termination of the Chapter XI proceeding, which had been originally filed by Tampa Wholesale Electric, Inc., and the adjudication of this corporation as a bankrupt, the Small Business Administration timely filed its proof of claim in these proceedings, asserting a priority for this claim by virtue of Section 64a(5) of the Bankruptcy Act, to which claim no objection was filed by the trustee. After that time, and for valuable consideration, the Small Business Administration assigned its claim to appellant. The trustee then objected to the appellant's assertion of the priority right which had been claimed by the Small Business Administration.

The Referee in Bankruptcy, in an order dated December 27, 1967, sustained the trustee's objection thereto, but allowed the claim in the amount filed as an unsecured claim. The District Court, on a Petition for Review, affirmed the findings of the Referee and adopted his conclusions of law.

This Court agrees with the assertion of the appellant that the case of Small Business Administration v. McClellan, 364 U.S. 446, 81 S.Ct. 191, 5 L.Ed.2d 200 (1960), is highly relevant to the issues here. In *McClellan,* the Small Business Administration was denied a priority position by the Referee in Bankruptcy and the lower courts. The United States Supreme Court stated that it granted certiorari "to consider the Government's contention that the denial of priority to the Small Business Administration handicaps that agency in the effective performance of the duties imposed upon it by Congress." 364 U.S. at 448, 81 S.Ct. at 194. The Supreme Court sustained the Government's contention and upheld the Small Business Administration's priority claim.

It seems to us that the same reasoning should apply here. If the Small Business Administration and other Governmental agencies dealing in federal funds were precluded from assigning their priority claims, and were compelled to wait until the conclusion of the bankruptcy proceeding, it is obvious what a restrictive effect this would have on these agencies. It is easy to see that if the priority nature of the Small Business Administration's claim were to be eliminated, that would completely destroy most, if not all, of the value of its claim in the event it is assigned. This, in effect, would prevent the Small Business Administration and other Governmental agencies from realizing the true value of its claim at an early date, and as the Supreme Court noted in *McClellan* "handicaps that agency in the effective performance of the duties imposed upon it by Congress."

It is our view that Congress did not intend to place the Small Business Administration in such a restricted and limited situation.

There is no dispute here as to the validity of the Small Business Administration's claim, and as to the priority nature of this claim. In accordance with the *McClellan* case, the Small Business Administration was entitled to assert the priority of its claim as of the date of the commencement of the Chapter XI proceeding and the subsequent adjudication. Since these priority rights of the Small Business Administration were established prior to the assignment to the Columbia Bank of Ybor City, the appellant herein, this assignment can in no way affect the rights previously established; that is to say, the assignee can assert the priority position of its assignor. The *McClellan* case, in our view, does not support the proposition that priority rights of a Governmental agency are divested at the time of the agency's assignment of its claim. Priority rights vest as of the time bankruptcy

proceedings commence, and they may not be divested by subsequent assignment in the absence of clear Congressional intent to accomplish such a result.

Accordingly, we hold that the affirmance by the District Judge of the order of the Referee in Bankruptcy was in error, and it is hereby reversed.