**In the Matter of Artrist RATLIFF, Debtor.**

**B. W. ALDEN, Trustee, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 466–69.

United States Court of Appeals, Tenth Circuit.

April 28, 1970.

Claude Rice, Kansas City, Kan. (Clarence H. Wood, Kansas City, Kan., on the brief), for appellant.

Thomas E. Joyce, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM.

In September 1968, Ratliff filed a voluntary petition to be adjudicated a bankrupt. Unsecured debts totaled $5,294.-47; there were ·no secured debts. The only asset, aside from exempt property, was furniture with a resale value of $50. In October he petitioned to convert the bankruptcy proceeding to one under Chapter XIII, listing the same debts and assets as in the bankruptcy schedules. The proposed plan provided that "unsecured debts shall be dealt with generally and paid pro rata. * * *"

The United States filed proof of claim, designated claim No. 2, in the

Chapter XIII proceeding, asserting an unsecured indebtedness of $2,126.02, the validity of which is not disputed. However, the United States claims a right of priority, to which the trustee objects. The district court approved the order of the referee allowing the claim priority status.

Section 641 of the Bankruptcy Act, 11 U.S.C. § 1041, provides that "where not inconsistent with the provisions of this chapter [Chapter XIII], the rights, duties, and liabilities of creditors * * * with respect to the property of the debtor shall be the same" as upon an adjudication of bankruptcy. The trustee points out that had the bankruptcy proceeding not been converted, there would have been virtually no distributable assets from which the United States could be accorded prior payment of its claim. He argues that future earnings are not "property of the debtor," 11 U.S.C. § 1041, supra, and that as a result, the United States is entitled to no greater standing among the unsecured creditors than it enjoyed in the bankrupcty proceeding prior to conversion.

We agree with the district court that the argument overlooks the express direction of 11 U.S.C. § 1059, that in Chapter XIII proceedings, "in advance of distribution to creditors, there shall first be paid in full, out of the moneys paid in by or for the debtor, * * * (6) the debts entitled to priority, in the order of priority, as provided by subdivision (a) of section 104 of this title." Priority status of the claim does not depend upon the presence or absence of assets at the time the proceeding commences. When earned, future wages and earnings do become the property of the debtor, and are subject to the supervision and control of the referee. 11 U.S.C. § 1058. Section 641 of the Act, supra, upon which the trustee bases his argument that the rights of the United States can be no greater than had Chapter XIII petition not been filed, applies only "where not inconsistent with the provisions of this chapter." The cases upon which the trustee relies neither require nor warrant a contrary result. See Small Business Administration v. McClellan, Trustee, 364 U.S. 446, 81 S.Ct. 191, 5 L.Ed.2d 200; In re Belkin, 358 F.2d 378 (6th Cir.); United States v. Luther, 225 F.2d 499 (10th Cir.).

Affirmed.