Peter BOLF, Sr., d/b/a Bolf Electric and George A. Snyder, Plaintiffs,

v.

Helen BERKLICH, formerly known as Helen Drazenovich, et al., Defendants.

No. 5-73 Civ. 24.

United States District Court, D. Minnesota.

July 25, 1975.

M. B. Rustan, Nashwauk, Minn., for Mid Range Builders Supply Co., Northland Cleaning Co. and C. E. Minske.

Stephen C. Boulduan, Abate, Wivoda & Ketola, Hibbing, Minn., for Perrellas' Inc.

## MEMORANDUM AND ORDER

HEANEY, District Judge (Sitting by Designation).

This matter arises out of a mechanics lien foreclosure action first brought in state court and subsequently removed by the United States under 28 U.S.C. § 1444 to the United States District Court. The critical issue is whether the mechanics lien asserted by the plaintiffs has priority over a mortgage interest held by the United States through its agency, the Small Business Administration (SBA). The United States has moved for summary judgment under Rule 56 and the case is before the Court on a set of stipulated facts.

At the request of Helen Berklich, the plaintiffs and defendants (Mid Range Builders Supply Company, Northland Cleaning Company, C. E. Minske and Perrellas' Inc.) furnished labor and/or materials for the improvement of property owned by Berklich.[1] The dates the first items were furnished and the dates the last items were furnished by the lien holders and the date the mechanics liens were filed are as follows:

Neal A. Lano, Murphy, Lano, Kalar & Murphy, Grand Rapids, Minn., for plaintiffs.

Robert G. Renner, U. S. Atty., and Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., for the United States.

|  | Date first items furnished | Date last items furnished | Date Lien filed |
|---|---|---|---|
| Bolf & Snyder | Apr. 10, 1972 | Aug. 6, 1972 | Sept. 26, 1972 |
| Minske | Apr. 18, 1972 | Oct. 10, 1972 | Nov. 29, 1972 |
| Mid Range | Apr. 19, 1972 | July 25, 1972 | Sept. 19, 1972 |
| Northland | May 17, 1972 | Sept. 18, 1972 | Nov. 27, 1972 |
| Perrellas | June 17, 1972 | Nov. 9, 1972 | Jan. 18, 1973 |

---

1. Defendants Dominick Zech and Merk Cash Sales, Inc. also furnished labor and materials for the improvement of the property and filed mechanic lien statements. However, the statutory period within which foreclosure proceedings on mechanics liens must be commenced has expired as to these defendants. Consequently, we need not consider their rights further.

The United States concedes that all of the mechanic lien statements were filed within the ninety-day statutory time limit from the date of last contribution.

On April 27, 1972, Helen Berklich executed a mortgage on the same property in the amount of $25,000 with the American National Bank of Nashwauk, Minnesota which was named as the mortgagee. The mortgage was filed for record on April 28, 1972. While the bank was named as mortgagee in the mortgage, there was an immediate 75 percent participation in the loan by the SBA. The mortgage was assigned to the SBA by the bank on January 17, 1973, and the assignment was filed for record that same day.

■ Plaintiffs and other defendant materialmen contend that their mechanic lien claims are superior to the mortgage interest of the United States. They argue that under Minnesota law, M.S.A. § 514.05,[2] at least insofar as the materialmen who furnished labor and materials prior to the recording of the mortgage by a bank are concerned, that materialmen prevail. They urge the Court to apply Minnesota law outright or, at the very least, if federal law is to be applied, to adopt the local law as federal law.

The government contends that the question of priority is governed by federal rather than state law. It insists that "federal common law" governs and the general equitable principle of "first in time, first in right" applies. The government contends that it is entitled to the benefit of the mortgage filing date of the bank, April 28, 1972, which was at least five months earlier than the filing date of any of the materialmen. As the loan was made jointly by the bank and the SBA, and the SBA had beneficiary ownership of three-fourths of the debt, it is immaterial that the formal assignment took place in January. Hence, it argues the United States is "first in time" and, under the federal rule, "first in right."

It also insists that its mortgage interest is superior since the liens of the materialmen were inchoate on the date of the assignment and recording, January 17, 1973, and that under "federal common law", a lien competing with a federal lien must be choate (specific and perfected) at the time the federal lien is recorded.

The materialmen argue that the case law relied upon by the government involved either the insolvency[3] or tax lien[4] statutes. They contend that the priority rule grew up in the shadow of these statutes and that when Congress abandoned the priority rule for federal taxes and applied local law, it was a clear signal for the courts to likewise abandon the rule as to other liens.

It is further argued that the priority rule was initiated to protect the public treasury. However, where, as here, the government could protect itself by the exercise of due diligence in holding back sufficient funds to pay a lien if established as other lenders do, there appears to be no reason to exempt the SBA from local law. Thus, they argue that the only effect of the rule is to penalize laborers and materialmen. Finally, they conclude that when the United States enters the market place as a local lender, it ought to be subject to the same rules as other local lenders.

■ While this Court recognizes that other courts have determined that local law should be applied outright or adopted as the federal rule,[5] this Court must nevertheless enter judgment for the United States. This Court must follow the decisions of superior courts and

---

2. The lien attaches and takes effect from the time the first item of material or labor is furnished. *See, Kloster-Madsen, Inc. v. Tafi's, Inc.*, Minn., 226 N.W.2d 603 (1975).

3. 31 U.S.C. § 191.

4. The former priority afforded a federal tax lien was subordinated to a local property lien by Congress in 1966. 26 U.S.C. § 6323(b)(6)(A).

5. *Ault v. Harris*, 317 F.Supp. 373 (D.Alaska 1968), aff'd per curiam, 432 F.2d 411 (9th Cir. 1970); *Hammer v. Chapin*, 256 F.Supp. 818 (D.Mont.1966).

the Eighth Circuit has not abandoned the rule contended for by the government.[6] Since the materialmen's liens are inchoate, the government must prevail.

It should be noted, however, that the government's priority only extends to that portion of the debt representing money actually loaned by the SBA, i. e., seventy-five percent of the $25,000 or $18,750. *Small Business Administration v. McClellan,* 364 U.S. 446, 81 S.Ct. 191, 5 L.Ed.2d 200 (1960); *Nathanson v. N. L.R.B.,* 344 U.S. 25, 73 S.Ct. 80, 97 L. Ed. 23 (1952); *W. T. Jones and Company v. Foodco Realty, Inc.,* 318 F.2d 881 (4th Cir. 1963).

It is therefore ordered:

The motion of the United States for summary judgment decreeing that its mortgage interest in the amount of $18,750 superior to the mechanics lien claims of the plaintiffs and defendant materialmen is granted.

This Memorandum shall constitute the Court's findings and conclusions.

Let judgment be entered accordingly.

---

6. *United States v. First Nat. Bank & Trust Co. of Fargo, N.D.,* 386 F.2d 646 (8th Cir. 1967); *United States v. Latrobe Construction Company,* 246 F.2d 357 (8th Cir.), *cert. denied,* 355 U.S. 890, 78 S.Ct. 262, 2 L.Ed.2d 189 (1957).