OPINION OF THE COURT
John V. Vaughn, J.
The Small Business Administration (SBA) moves to vacate its default on a prior motion and for permission to file its proof of claim nunc pro tunc. This court’s prior order (Hon. Harry Seidell) barred the SBA from presenting its claim because more than one year had passed since the filing of the assignment with the court.
The assignee, Bakery and Confectionary Workers Union International Union of America, Local 3, AFL-CIO, Local 102, Bakery, Confectionary and Tobacco Workers, Union of America, and the Bakery Drivers Union, Local 802, International Brotherhood of Teamsters, have appeared in opposition to the motion on behalf of the assignee, and various employees and welfare fund wage claimants. The basis for the opposition is that the court lacks authority to *581 permit the late filing of this claim and further, that in any event, the SBA is not entitled to a preferred claim against the debtor’s estate.
The issues before the court are whether it has the power to permit the SBA to file its claim and, if so, is that claim entitled to a priority.
Under the statute, the court has no power to allow any claim not presented within one year from the date of the recording of the assignment (Debtor and Creditor Law, § 15, subd 7). In this case, more than one year has elapsed since the filing and recording of the assignment. However, this one-year period of limitation is not binding upon a Governmental authority when it acts in its sovereign capacity (Matter of Long Is. Lacquer Co. [New York Credit Men’s Adj. Bur.], 3 AD2d 669). In addition, a State Statute of Limitations is not applicable against the United States under the principle that the public interest should not be prejudiced by the neglect of public officers or servants (iUnited States v Summerlin, 310 US 414; 51 Am Jur 2d, Limitation of Actions, § 414). While not every corporation created by Congress is exempt from the effects of a State Statute of Limitations (United States v Brown, 247 NY 211) it has been held that the SBA is not only entitled to the Governmental priority in collecting its claims (Small Business Admin, v McClellan, 364 US 446) but is also not bound by any State Statute of Limitations (United States v 93 Ct. Corp., 350 F2d 386, cert den 382 US 984). It would appear that the only way the Government may lose its priority in this situation is for it to fail to present its claim prior to the final settlement of the debtor’s estate (see United States v Murphy, 15 F 589; cf. Debtor and Creditor Law, § 15, subd 7).
The case of United States v Kimbell Funds (440 US 715) is not to the contrary. The Kimbell case did not deal with the applicability of the Statute of Limitations to the SBA, or the Government’s right of priority under section 191 of title 31 of the United States Code when a debtor becomes insolvent. The only issue before the court in Kimbell was whether contractual liens arising from certain Federal loan programs took precedence over prior liens in the absence of a Federal statute that set such priorities. In that
*582 context the court held that a national rule of priority was unnecessary and that priorities should be determined by local nondiscriminatory State law stating (p 736): “The United States is an involuntary creditor of delinquent taxpayers, unable to control the factors that make tax collection likely. In contrast, when the United States acts as a lender or guarantor, it does so voluntarily, with detailed knowledge of the borrower’s financial status. The agencies evaluate the risks associated with each loan, examine the interests of other creditors, choose the security believed necessary to assure repayment, and set the terms of every agreement. By carefully selecting loan recipients and tailoring each transaction with state law in mind, the agencies are fully capable of establishing terms that will secure repayment” and (pp 737-738): “The Government therefore is in substantially the same position as private lenders, and the special status it seeks is unnecessary to safeguard the public Fisc. Moreover, Congress’ admonitions to extend loans judiciously supports the view that it did not intend to confer special privileges on agencies that enter the commercial field. Accordingly, we agree * * * that ‘[a]s- a quasi-commerical lender, [the Government] does not require * * * the special priority which it compels as sovereign’ in its tax-collecting capacity.” Kim-bell (supra) did not deal with an insolvency situation and thus, did not consider the effect of section 191 of title 31 of the United States Code. However, this question of the priority of liens in an insolvency situation was considered by the Court of Appeals in United States v S.K.A. Assoc. (600 F2d 513). In that case, the court held that even in an insolvency situation, the principle of Kimbell (supra) applies, and the priority of private liens and consensual liens arising from a Government lending program is to be determined under nondiscriminatory State laws and that section 191 of title 31 of the United States Code does not give the SBA a priority.
In this case we are not concerned with the priority of liens, but merely the Government’s right of priority over other nonsecured creditors in an insolvency situation arising under section 191 of title 31 of the United States Code. It has been repeatedly held that section 191 of title 31 of *583 the United States Code does not create a lien in favor of the Government, but merely entitles it to a priority in payment of its claim when the statutory conditions exist (Matter of Gruner, 295 NY 510; see United States v Oklahoma, 261 US 253). Accordingly, this court does not interpret the Kimbell case as overruling the specific holdings in Small Business Admin, v McClellan (364 US 446, supra) and United States v 93 Ct. Corp. (350 F2d 386, cert den 382 US 984, supra).
It is axiomatic that in order to obtain relief from a default, a party must generally establish the existence of a meritorious claim and offer a valid explanation for its default. No one has disputed the existencé of the claim in the hands of the SBA. Moreover, the reason offered to explain the default is that the SBA was never properly notified of the original assignment, and consequently, there was no file on this matter in the United States Attorney’s office. There have been no prior appearances in the proceeding by the SBA. In addition, while the laches of the SBA in presenting its claim has caused some administrative difficulty to the assignee in presenting its accounts, it does not appear that the assignee would be prejudiced by allowing this claim.
Accordingly, the application to vacate the default is granted, on condition that the SBA present its proof of claim to the assignee within 30 days of the date of service of this order.