**In re CLARENCE GRAPHICS, INC., f/k/a Donald Albee, Inc., Debtor.**

**CLARENCE GRAPHICS, INC., Plaintiff,**

v.

**Thomas OWEN, Defendant.**

**Bankruptcy No. 94–10180 B, AP No. 95–1310 B.**

United States Bankruptcy Court, W.D. New York.

Sept. 30, 1996.

Donald P. Sheldon, Buffalo, NY, for Debtor/Plaintiff.

Mark J. Schlant, Zdarsky, Sawicki & Agostinelli, Buffalo, NY, for Defendant.

CARL L. BUCKI, Bankruptcy Judge.

Clarence Graphics, Inc., (the "Debtor") has moved for summary judgment with respect to the fourth cause of action of its complaint in the above referenced action against Thomas Owen. Specifically, this cause of action seeks to avoid an alleged security interest in certain assets of the Debtor. The Debtor contends that it never granted a security interest to Mr. Owen, and that even if such a security interest were granted, Owen failed to effect its perfection. For the reasons set forth herein, the Debtor's motion is granted.

■ Pursuant to a non-competition and consulting agreement, the debtor promised to pay the sum of $168,936 to Thomas Owen. Contemporaneously with the execution of this agreement, the debtor also purchased the assets of a corporation which was owned

by Mr. Owen. As partial consideration for that purchase, the Debtor executed a note to Owen's corporation in the amount of $150,-000. Owen contends that the Debtor intended to grant a lien to secure both the moneys owed to him personally and those owed to his corporation. Indeed, the Debtor signed a security agreement which specifically references the amount of both obligations. Nonetheless, despite these intentions, both the security agreement and the financing statement identify the corporation as the only secured party. For this reason, the Debtor seeks a determination that Owen's personal claim is unsecured.

 Owen contends that the agreements should be reformed to reflect the parties' intention to designate Thomas Owen as a secured creditor. Even if Owen could establish at trial the prerequisites for reformation, such reformation would apply only to the security agreement. As an agreement between parties, a security agreement may, under appropriate circumstances, be reformed to reflect the underlying intent. Fundamentally, a financing statement serves a very different purpose. It functions not to memorialize the agreement of the signatories, but to provide notice to third parties. For this reason, the appropriate test for a financing statement's adequacy is not one of intent, but rather that which is set forth in section 9–402 of the Uniform Commercial Code.

Subdivision 1 of section 9–402 requires that a financing statement include the names of the debtor and the secured party. In this instance, the financing statement simply fails to identify Mr. Owen as a secured party. Nonetheless, his counsel urges reliance on subdivision 8 of section 9–402, which provides that "[a] financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading." The purpose of subdivision 8 was to correct such defects as a misspelling or the removal of a word from a corporate name. In the view of this Court, the total deletion of the creditor's name is a substantial defect, not one that is minor in character. Were it otherwise, the legislature would not have specifically required through subdivision 1 that the secured party be identified.

The defendant's counsel has directed the attention of this Court to one instance in which a security interest was allowed to an unnamed party who was affiliated with the entity designated on the financing statement. *See In re Fried Furniture Corp.*, 293 F.Supp. 92, 93 (E.D.N.Y.1968). This authority deals with a situation in which both the named and affiliated parties shared an interest in a single obligation. In the case at bar, the claim of Mr. Owen is distinct from that of his corporation. A likely interpretation of the events at issue is that Owen and his corporation each desired to file their own separate UCC–1's, but that for whatever reason, only the corporation completed its filing. What Owen really needed was not the correction of the existing statement, but the filing of a separate instrument. This he never achieved. Regardless of intention, whether it be to file one or two financing statements, it is clear that the existing statement identifies only one creditor, and that that creditor holds a claim that is distinct from that of Thomas Owen.

Even if a security interest would otherwise exist by reason of a reformation of the security agreement, Thomas Owen has failed to perfect his personal lien upon all assets of the Debtor. For this reason, summary judgment is granted to the plaintiff with respect to the fourth cause of action that is set forth in the complaint dated December 15, 1995.

So Ordered.